No. 33,731

Aubrey V. Earhart, by Vinnie V. Earhart, His Next Friend, *Appellant,* v. J. G. Tretbar, *Appellee.*

(80 P. 2d 4)

Opinion filed June 11, 1938.

C. O. McGill and B. A. Earhart, both of Hutchinson, for the appellant.

Paul R. Nagle, William Davison, both of St. John, and C. K. Cary, of Stafford, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This action was brought to recover damages for injuries sustained in an automobile collision. The plaintiff, Aubrey

V. Earhart, a minor, was a junior college student at Hutchinson, and the action was brought in his behalf by his mother and next friend. Defendant prevailed, and plaintiff appeals.

The collision occurred in the daytime, and in an intersection of unmarked county roads in Stafford county. There were no stop signs. Plaintiff's car was traveling west, and defendant's car was traveling north. The principal acts of negligence with which defendant was charged were unlawful and excessive speed, driving on the wrong side of the road, and striking plaintiff's car when it was almost across the intersection. The answer specifically denied these charges and pled contributory negligence, in substance as follows: Defendant did not know whether plaintiff was driving the Ford automobile or whether he was merely riding therein; the collision occurred at a wide-open intersection, and if plaintiff was the driver and had kept a proper lookout he could have seen defendant's car approaching from the south in time to have stopped his automobile, or he could have turned aside and avoided the collision; plaintiff's car approached the intersection at a rate of speed to exceed fifteen miles per hour and struck defendant's car on the right side after it had passed the middle of the intersection; plaintiff and other members of his family were engaged in a joint enterprise; if plaintiff was not the driver of the Ford car and was merely riding therein, the collision was the result of his own negligence in failing to keep a lookout for his own protection and in failing to warn the driver of the approach of defendant's car.

Plaintiff insists the entire verdict is based on hearsay testimony and therefore cannot stand. The contention cannot be sustained. The jury made special findings, which were in harmony with each other and with the general verdict, and they compel affirmance, irrespective of whether plaintiff was the driver of the car or merely riding therein. The jury found plaintiff was the driver. Plaintiff insists that finding was based on hearsay testimony. The sheriff and undersheriff, witnesses called by the defendant, testified in substance that according to their recollection plaintiff's father informed them at the scene of the accident, that they were certain it was in plaintiff's presence, and that plaintiff was driving the car. On the trial plaintiff, as well as his father and mother, testified to the effect the father was the driver. On the trial plaintiff did not deny that his father had a conversation with the officers in his presence nor that his father at that time informed the officers that he, the plaintiff, was driving the car.

We need, however, not rest our decision on the ground that plaintiff was the driver of the car. Plaintiff's testimony indicates that he was an intelligent and alert young man. He was a student in the junior college. Assuming he was only riding in the car, and aside from any question of joint enterprise, he was required to exercise reasonable care and precaution for his own protection. (*Ferguson v. Lang,* 126 Kan. 273, 268 Pac. 117; *Shrewsbury v. Goodacre,* 135 Kan. 230, 10 P. 2d 1; *Buchhein v. Atchison, T. & S. F. Rly. Co.,* 147 Kan. 192, 195, 75 P. 2d 280.) When plaintiff was asked on cross-examination whether he looked to the south as the car approached the intersection, he answered, "I did not." The jury, in its special answers, in substance found: Defendant's car entered the intersection at a speed of 40 to 43 miles per hour and the plaintiff's car entered the intersection between 20 and 25 miles per hour; the collision occurred near the center of the intersection; passengers in plaintiff's car had a clear vision of the road on which defendant was traveling while plaintiff's car was 50 feet east, 100 feet east, 100 yards east and 200 yards east of the intersection; plaintiff did not, prior to reaching the intersection, see defendant's car approaching; the driver of, or passengers in plaintiff's car could have seen defendant's car had they looked; plaintiff was guilty of negligence in that he did not see the approaching car which he should have seen; the direct and proximate cause of the collision was the negligence of both defendant and plaintiff.

Plaintiff complains that some of the special findings were not supported by evidence, and that the answer to one question as to whether defendant was driving on the wrong side of the road at the point of collision was evasive. The record discloses the findings were supported by substantial evidence. It also discloses the jury did answer one special question relative to the point of collision as follows: "Near the center of the road." If plaintiff regarded the answer to a similar question as evasive, it was his duty to ask that the jury be required to make its answer clear and definite. Having failed to make such request, plaintiff is in no position to complain on appeal. (*Hill v. Southern Kansas Stage Lines Co.,* 143 Kan. 44, 53, 53 P. 2d 923.)

Plaintiff contends the trial court erred in refusing to permit his father to participate in the trial of the case if he intended to testify in plaintiff's behalf. In *State v. Ryan,* 137 Kan. 733, 22 P. 2d 418, it was held:

"Where it is necessary for the counsel in a case to testify on some material disputed point that has a material bearing on the guilt or innocence of the defendant in a criminal case or one that involves a serious dispute of fact in a civil case, he should withdraw as counsel in the case." (Syl. ¶ 2.)

In the opinion it was said:

"There is danger that a jury will attach more importance to the testimony of a lawyer in a case than to an ordinary witness. The better practice would have been for the county attorney to have stepped out of the case when it became necessary for him to testify. (See Canons of Professional Ethics No. 19,135 Kan., p. iii.)" (p. 737.)

We are informed the father's testimony occupied 42 pages of the transcript. That his testimony was highly important cannot be doubted. His testimony pertained definitely to the negligence charged by the respective parties. In the instant case, however, it in no wise affirmatively appears that plaintiff's rights were prejudicially affected by the ruling. Plaintiff had other counsel in the case and there is no contention he was not properly and adequately represented. Moreover, a search of the record fails to disclose any objection was made to the ruling.

Plaintiff contends the trial court erred in permitting a repairman to testify how the collision occurred, although he did not see the collision. In view of the testimony, the contention is not accurately stated. The witness had been engaged in the business of repairing damaged automobiles for about 18 or 20 years. He inspected and repaired defendant's car about two weeks after the accident occurred. No objection was made to his testimony on the ground the car was in a different condition than immediately following the collision. His testimony was to this effect: The front fender of defendant's car was not damaged; from an examination of the car it was his judgment defendant's car had been struck at about the middle of its right side, and that the damages on the left side of the car resulted from the fact the car had rolled over. His testimony went to the question of whether, in his judgment, the principal damage to defendant's car had resulted from an impact against its right side. The witness was fully cross-examined concerning the alleged incompetent testimony. The complaint cannot be sustained.

Plaintiff urges the trial court erred in admitting photographs of cars taken after they were removed from the scene of the accident. The photographer was a witness. His testimony is not abstracted. We are therefore unable to say the photographs were improperly

admitted. In the absence of any showing to the contrary, we must assume a proper foundation was laid to make the evidence competent for the purpose intended. (*Griffin v. Brick Co.*, 90 Kan. 375, 378, 133 Pac. 574.) Moreover, the record before us discloses no objection to the admission of the evidence.

Plaintiff urges the trial court abused its discretion in submitting more than ten special questions to the jury, some of which contained several subdivisions. (G. S. 1935, 60-2918; *Davidson v. Douglass*, 129 Kan. 766, 284 Pac. 427; *Billings v. Aldridge*, 129 Kan. 772, 284 Pac. 404.) The cases cited do not support the contention the trial court abused its discretion in the instant case. We do not understand why two sets of special questions should have been submitted, some of which were identical, but that particular point is not urged here. The legislature, when it enacted G. S. 1935, 60-2918, recognized the wisdom of denying parties the right to have more than ten special questions submitted. It also, however, realized that in certain cases it might be helpful to submit more than ten questions, and it therefore specifically left that matter in the sound discretion of the trial court. Here again we find no objection to the number of questions submitted. In view of this situation, and in the absence of any affirmative showing that the rights of plaintiff were prejudicially affected, we will not reverse the judgment.

Plaintiff insists defendant admitted his negligence. Such admission does not relieve plaintiff of the consequences of his own contributory negligence.

The complaint concerning the filing of the counter abstract and the objections to the costs thereof has been examined, and it is not sustained.

The judgment is affirmed.