No. 38,011

Sylva Beecher, as Administratrix of the Estate of Marshall A. Beecher, Deceased, *Appellee,* v. Josephine W. Stepanian and Stephen Stepanian, *Appellants.*

(224 P. 2d 1017)

Opinion filed December 9, 1950.

*Fred Swoyer,* of Belleville, argued the cause, and *George V. Allen,* of Lawrence, and *Charles A. Walsh,* of Concordia, were with him on the briefs for the appellants.

*N. J. Ward,* of Belleville, argued the cause, and *P. H. Collins, Jr.,* of Belleville, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for wrongful death. The trial resulted in a judgment for the defendants. Among other rulings the trial court sustained the plaintiff's motion for a new trial and the defendants appeal.

Our review of the pleadings and the evidence is limited to a statement sufficient to permit consideration of the appellants' contentions.

The petition alleged that Marshall A. Beecher died as the result of a motor vehicle accident on February 19, 1949, and that plaintiff was appointed as administratrix of his estate; that the defendant Stephen Stepanian owned a Chevrolet coupé and on the above date he and the defendant Josephine W. Stepanian as agent of Stephen Stepanian and as the driver of their motor vehicle caused the injuries set forth. Although stated in a verbose manner, the wrongful acts and omissions of Josephine W. Stepanian were alleged to be that she—

(a) drove at a high, dangerous and excessive speed;

(b) failed to give proper warning of the movement of the vehicle driven by her;

(c) failed to keep a lookout ahead and laterally and negligently operated the vehicle under the conditions existing;

(d) wrongfully drove on the wrong side of the highway; ·

(e) negligently drove her vehicle into a collision with the vehicle driven by Beecher; and

(f) failed to exercise due care which would have avoided the collision.

The plaintiff further alleged the collision occurred on U. S. Highway 81, about seven miles north of Belleville, Kan., and was caused by the wrongful acts and omissions of Josephine W. Stepanian. Allegations as to damages need not be set forth.

For present purposes it may be said the answer included a general denial, a plea of contributory negligence and an allegation that what occurred was an unavoidable accident.

Plaintiff's reply needs no notice.

At the trial the defendants demurred to the plaintiff's evidence on the grounds it showed no cause of action against the defendants or either of them; that it showed contributory negligence of the plaintiff, or if not, it showed the accident was unavoidable. The demurrer

was overruled and defendants offered their evidence and plaintiff offered evidence in rebuttal. The defendants requested the court to instruct the jury to return a verdict in their favor, which request was denied. The jury, under instructions of which no complaint was made, returned a verdict in favor of the defendants, which verdict the court ordered filed without approval. The jury also returned answers to special questions submitted. In due time the plaintiff filed her motion that six of the answers to the special questions be set aside and her motion for a new trial. Upon the hearing of these motions the court set aside four of the answers and allowed the motion for a new trial. In due time the defendants perfected their appeal to this court, specifying error in the particulars hereafter discussed.

Appellants first contend the trial court erred in not sustaining their demurer to the plaintiff's evidence for the reason that evidence failed to show pleaded negligence of the appellants which was the proximate cause of the accident but did show contributory negligence of Beecher. They direct attention to *Kinderknecht v. Hensley*, 160 Kan. 637, 164 P. 2d 105, and like cases, holding that the mere fact an accident occurs and injury results is not sufficient but that before a plaintiff may recover in an action predicated on negligence he must both allege and prove the negligence which was the proximate cause of the injury for which recovery is sought; to *Miller v. Gabbert*, 154 Kan. 260, 118 P. 2d 523, and cases cited therein, holding that negligence must be established and cannot rest on conjecture; and to *Glenn v. Montgomery Ward & Co.*, 160 Kan. 488, 163 P. 2d 427, holding that where the essential elements of a petition are controverted by the pleadings and are not established by the proof, a demurrer to the evidence should be sustained.

Very briefly reviewed, the appellee's evidence disclosed that on February 19, 1949, at about 8:30 a. m., the decedent, Marshall Beecher, driving his own motor vehicle referred to as a jeep, left Belleville and proceeded north on U. S. Highway 81 at a speed of thirty-five to forty miles per hour to the place of the collision. One Skucius testified that he was driving south on the highway at between thirty and thirty-five miles per hour and that just before the collision two cars going south passed him. When the second car went around him it seemed to be in no hurry to get back on its own side of the road but it pulled back and swerved and then struck the Beecher jeep. His testimony as to distances was not in feet or yards or rods, but that the car passing him travelled on the left side

of the highway "the distance between 2 telephone poles" and that as it turned to the right side it went "another telephone length" before the collision. His testimony is subject to the interpretation that the car as it started to turn back to the right side never reached the right side but travelled about the center of the highway. By way of explanation it is noted that appellants sought by cross-examination to develop the fact that Mrs. Stepanian, driver of the vehicle last mentioned, was on a dry pavement until about the time of the collision and that her vehicle skidded into the vehicle driven by Beecher. We need not note at length evidence showing the condition of the highway at times after the collision, nor dwell upon the evidence further for appellants state in their brief, "It is not disputed that the collision occurred in the area of the highway where the Beecher Jeep would ordinarily have a right to be and where the Stepanian car proceeding as it was in a southerly direction ordinarily would have no right to be."

Appellants direct our attention to *Zinn v. Updegraff,* 113 Kan. 25, 34, 213 Pac. 816, where a holding that the fact the defendants were on the left-hand side is not negligence as a matter of law, was approved. In the later case of *Gardner v. Leighton,* 144 Kan. 335, 338, 58 P. 2d 1111, it was said that when a motorist, so far as he can see, has the entire road to himself he may travel on any part of it, in the middle or on either side, *Zinn v. Updegraff* being cited in support. In the still later case of *Gabel v. Hanby,* 165 Kan. 116, 128, 193 P. 2d 239, the appellant made a similar contention as to his right to drive on all portions of the highway, citing in support *Gardner v. Leighton.* The contention was not allowed, this court observing that since *Gardner v. Leighton* had been decided in 1936, the legislature had enacted the motor vehicle act and the right to drive on all portions of the highway had been restricted, citing what is now G. S. 1947 Supp. 8-537. Reference to that section will show that a vehicle shall be driven upon the right half of the highway, except in certain circumstances, only one of which, overtaking and passing another vehicle proceeding in the same direction, is applicable here. Under the following sections 8-538 and 8-540 are provisions for overtaking a vehicle on the left, the latter section providing, among other things, that "In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within 100 feet of any vehicle approaching from the opposite direction."

We recognize that not every violation of a statute convicts the actor of actionable negligence. To convict the actor it must appear that the violation was the proximate and legal cause of the injuries inflicted. See *Baker v. Western Cas. & Surety Co.*, 164 Kan. 376, 385, 190 P. 2d 850. Here, driving on the left-hand or wrong side of the road was alleged, the proof tended to show it and the quotation from appellants' brief admits it. Under all of the circumstances, it cannot be said that it was not a proximate cause of the accident.

Appellants' contention that plaintiff's e v i d e n c e showed that Beecher was guilty of negligence which contributed to his injuries and death is not expanded in their brief and we are not aware of any specific ground therefor. At the oral argument, it was suggested that Beecher could have gone further to his right, or could have stopped and thus avoided the accident. It is settled however that the operator of a vehicle upon the public highways may assume that others using the highway will observe the law and that he is not guilty of negligence as a matter of law in acting upon that assumption until he has knowledge to the contrary. See *Gabel v. Hanby*, supra, Syl. ¶ 3. There was no such a showing made and the question was for the trier of the fact.

We hold that the allegation of negligence (d) of the petition charged driving on the left-hand or wrong side of the highway, the proof showed that to be the fact and that it was a proximate cause of the collision; that the evidence did not convict the decedent of negligence as a matter of law and that the trial court did not err in ruling on the demurrer. We note that appellants take up and seek to demonstrate that other allegations of negligence were not sustained by the evidence but in view of our holding it is not necessary to discuss the contentions so made.

Appellants' request for an instructed verdict raises substantially the contentions heretofore discussed and it will not be treated further.

Appellants' complaint that the trial court erred in setting aside the answers to certain special questions is noted but if the trial court's order granting a new trial is upheld, the effect is to set aside all of the answers, and the rulings complained of are no longer material. Appellants' complaint as to the order granting a new trial is twofold. Although recognizing the rule that it is the duty of the trial court to exercise its own independent judgment to determine whether a verdict is to be approved, and if not satisfied to grant a

new trial, appellants say that the independent judgment which the trial court must exercise must be based on judicial consideration of the evidence, citing *Sovereign Camp v. Thiebaud,* 65 Kan. 332, 337, 69 Pac. 348; *Ward v. Grant,* 138 Kan. 363, 371, 26 P. 2d 279; *Walker v. Colgate-Palmolive-Peet Co.,* 157 Kan. 170, 192, 139 P. 2d 157. Appellants do not point out wherein the trial court failed to give the motion for a new trial consideration within the rules, unless possibly by their complaint that the newly discovered evidence adduced on the hearing of the motion was not newly discovered evidence as contemplated by the code. As to that evidence, they contend it must be shown that the evidence is not merely cumulative in character (*Solomon v. Lampl,* 135 Kan. 469, 11 P 2d 1028); not merely impeaching evidence (*Humphreys v. Commerce Trust Co.,* 133 Kan. 498, 1 P. 2d 263) and must be so strong that had it been before the jury a different result would have been probable (*McVicar v. McVicar,* 128 Kan. 394, 400, 278 Pac. 36) and they argue that the evidence received did not meet these tests.

In view of reasons assigned by the trial court in granting a new trial, we note briefly that during examination of the plaintiff she testified to a conversation which she had with Mr. Stepanian concerning liability and that he told her he had liability and collision insurance and she didn't need to worry. Whether the intrusion of the insurance feature was inadvertant or not need not be discussed. The defendants objected and moved for a mistrial. This motion was denied, the trial court admonishing the jury. During the course of the trial the appellants, by cross-examination of appellee's witnesses and direct examination of their own witnesses, sought to show that the highway north of the scene of the collision was free from ice or snow and that just at the scene the highway was icy and that Mrs. Stepanian was suddenly confronted with that situation. It is here noted that at the trial the plaintiff introduced no evidence as to the condition of the highway at points north of the accident other than that witness Skucius said it was slippery at one corner on the state line. On the hearing of the motion for a new trial, it was shown that appellee's counsel Ward had been in sole charge of the case, had made inquiry of all persons whom he could ascertain had been at the scene of the accident, but had learned only a day or so before the hearing of the motion for a new trial that one Eickman had come down the highway from the north immediately before the collision and knew of the condition of the highway. Eickman's testimony disclosed that he lived at Hebron, Neb. (which is on Highway 81 and is about

twenty miles north of the scene of the collision) and that he was employed by a gas service company at Belleville; that on the morning in question he was driving south to Belleville from Chester, Neb. (a town on Highway 81 between Hebron and Belleville) in a pickup truck; that south of Chester the road was slick and the highway was spotted with ice; there would be stretches where it was icy, some of pretty good length and others not so long. He came up to the scene of the collision, stopped, inquired if help had been called and left to go where he knew there was a telephone, and had a doctor called. He did not talk with any of the Beechers, nor Mr. Ward nor his associate counsel nor anyone else about the road conditions "before last Wednesday". We note also that a considerable amount of the testimony was as to storm and road conditions after the accident had occurred.

The remarks of the trial court in ruling upon the motion for a new trial were taken by the court stenographer and are in the record as abstracted. Among other things the court mentioned the matter of testimony concerning insurance and the ruling made and stated it "entertain(ed) some feeling that that may have prejudiced the jury against Mrs. Beecher." It also expressed some doubt as to the sufficiency of its instructions to the jury as to due care, but as the instructions are not in the record as abstracted we leave this feature without further discussion. The court also commented on the newly discovered evidence, that no member of the family was present at the scene of the accident and all they had was rumor and hearsay, and that on the point of its being newly discovered evidence it would hold for appellee; and it also expressed doubt as to whether it had rightfully allowed so much evidence as to storm and ice conditions after the accident. In the end it granted a new trial.

It is rather clear the trial court did not make its ruling solely on the ground of newly discovered evidence, but that for a number of reasons it could not and would not approve the verdict. If we should limit the inquiry to the newly discovered evidence, we could not on the showing made hold that the trial court erred in concluding that it was newly discovered; that it was not merely cumulative in character nor merely impeaching evidence; and that it was of such nature that had it been presented to the jury a different result would have been probable.

Taking the whole matter into consideration, the trial court did not err in granting a new trial.

The rulings and judgment of the trial court are affirmed.