No. 38,628

FREDERICK E. BANBERY, *Appellee,* v. J. A. LEWIS, *Appellant,* and ALFRED NOONE, *Appellee.*

(244 P. 2d 202)

Opinion filed May 10, 1952.

*John Q. Royce,* of Salina, argued the cause, and *LaRue Royce, E. S. Hampton, H. H. Dunham, Jr., H. G. Engleman* and *C. Stanley Nelson,* all of Salina, and *J. F. Bennett,* of Norton, and *William F. Brown,* of Sedalia, Mo,, were with him on the briefs for the appellant.

*William B. Ryan,* of Norton, argued the cause, and *Keith G. Sebelius,* of Norton, was with him on the briefs for appellee Banbery.

No appearance for appellee Noone.

The opinion of the court was delivered by

PARKER, J.: This is an action to recover damages for personal injuries, alleged to have been caused by the negligence of two defendants, in a three-way automobile accident on a public highway. The plaintiff recovered against both defendants, one of whom appeals from the judgment and from orders of the district court refusing to grant him a judgment against his codefendant.

In order to insure a proper understanding of the facts and issues it will be necessary to detail the pleadings at some length.

The amended petition, hereafter called the petition, alleges that at the hour of 8:30 p. m. on the second day of July, 1950, the plaintiff, who was a resident of New Jersey, was driving his Chevrolet coupé in a careful and prudent manner, at a speed of approximately forty-five miles per hour, in a westerly direction on U. S. Highway No. 36; that as plaintiff approached a point about three and one-half miles west of the city of Norton he observed another automobile approaching from a westerly direction on such highway; that at such point this automobile, which was pulling a house trailer and being driven by the defendant, J. A. Lewis, suddenly and without warning turned and swerved onto the north or left hand side of the highway and crashed into plaintiff's automobile; that shortly before the swerving of the Lewis automobile the trailer had been struck from behind by an automobile operated by the defendant, Alfred Noone.

The petition then alleges that at the time of and just prior to the collision Lewis was guilty of negligence ( a ) in failing to have his automobile under proper control; ( b ) in driving and operating it onto the wrong side of the highway in violation of law; and ( c ) in failing to have adequate, proper, and lawful light and warning signs upon the rear of his trailer. It then asserts Noone was guilty of negligence ( a ) in following the Lewis automobile more closely than was reasonable and prudent; ( b ) in failing to have his own automobile under proper control; ( c ) in operating it at a speed which would not enable him to stop within the vision of his head-lights; and ( d ) in driving and operating it at an excessive and unreasonable rate of speed.

Finally the petition charges that as a result of the joint negligence of Lewis and Noone as alleged, and by reason thereof, and because of the collision of Lewis' automobile with his automobile, plaintiff sustained lasting and permanent injuries to his damage in amounts therein stated.

In his answer to the petition Lewis admitted Noone was guilty of negligence as therein charged, asserted plaintiff was guilty of contributory negligence, specifically denied he was guilty of any acts of negligence charged in the petition, and denied generally any and all allegations of such pleading not specifically admitted.

Along with his answer Lewis filed a cross petition against Noone.

This pleading alleges that he was operating his 1935 Ford coach, which was attached to a flat-bed trailer, along the highway at the time in question in a careful and prudent manner; that when he arrived at a point about fifty feet west of the plaintiff's approaching car Noone's automobile was driven into the rear of his trailer with terrific force, causing him to lose control of his automobile to such an extent it was pushed north across the center line of the highway and into the front of plaintiff's car. He further asserts that Noone was guilty of negligence in following his automobile more closely than was reasonable and proper and at a speed that was unreasonable and excessive under the conditions then existing. He then charges that as a result of Noone's negligence he suffered personal injuries and sustained damages to his person and property in an amount which is not here material.

Defendant Noone's answer to plaintiff's petition consists of a specific denial he was guilty of any acts of negligence charged by the plaintiff, an admission Lewis was guilty of negligence as charged in the petition, a charge that if plaintiff was injured or damaged such injury and damage resulted solely from the acts of Lewis, and a general denial as to all other allegations of that pleading. At the same time he answered Lewis's cross petition and filed a cross petition of his own. In the answer he admits Lewis was operating his automobile and trailer on the highway just prior to the accident, specifically denies he was guilty of any acts of negligence charged against him in the cross petition, and denies generally all other allegations contained in such pleading. In his cross petition he admits that he struck the Lewis trailer but asserts the collision took place after Lewis had negligently driven his automobile to the north side of the road and had collided with plaintiff's automobile and such trailer had been left standing alone on the south side of the highway as a result of that collision. Then, in substance, he alleges his collision with the trailer occurred through no fault of his own but was due solely to acts (describing them) of negligence on the part of Lewis and asks for judgment against him for the damages sustained to his own automobile.

In addition to those already mentioned the record discloses the following pleadings: (1) A separate answer by Lewis to Noone's cross petition consisting of a general denial. (2) A reply to Noone's answer wherein the plaintiff specifically denies the injuries and damages sustained by him resulted solely from the acts of negligence

of Lewis and denies generally all other allegations of that pleading. (3) A reply to Lewis's answer in which plaintiff denies that injuries and damages sustained by him were contributed to and caused by his own negligence and denies generally all other allegations of such answer. (4) A pleading entitled "Reply of J. A. Lewis to Cross-Petition of Alfred Noone," which is really a supplemental answer, wherein Lewis again denies all allegations of Noone's cross petition and asserts that if the latter sustained any injuries and damages as a result of negligence his own negligence contributed thereto and was the proximate cause of such injuries and damages and of all injuries and damages sustained by Lewis.

With issues joined, as heretofore related, the case was tried before a jury. The extent of the injuries sustained to person and property by the respective parties is not in issue so our review of the evidence will be limited to matters touching questions of negligence.

Plaintiff's evidence showed that he was driving on his own side of the road and that some fifty feet west of the point of impact the Lewis car swerved suddenly across the road to the north and crashed head-on into his automobile. In testifying as a witness on his own behalf he stated that as it did so he applied his brakes, pulled to the right and remembered nothing more until he regained consciousness in the hospital the next morning. He frankly admitted that prior to the collision he had not observed the approaching vehicle was weaving back and forth or that there was anything extraordinary that came to his notice about its slowness or excessive speed.

The remainder of the plaintiff's evidence came from the lips of the defendant Noone, who testified there were no lights on the trailer at the time he struck it, and three state highway patrolmen whose testimony will not be detailed. Their evidence of necessity dealt with the physical facts observed by them after arriving at the scene of the accident. Highly summarized it can be said it discloses that the accident occurred three and one-half miles west of Norton, that the combined vehicle (automobile and trailer) Lewis was operating on the highway on the evening in question was thirty-six feet in length, that the trailer was eighty-four inches (seven feet) wide, and that one of them had stopped Lewis earlier in the evening at a point on the highway eleven miles west of Norton because he had no light burning on the back end of his trailer and had

given him a ticket containing instructions to have his light fixed at the nearest service station. It also indicates rather definitely that the Noone automobile struck the trailer before, not after, the collision between the Banbery and Lewis automobiles.

Following the overruling of demurrers to plaintiff's evidence by each defendant, Lewis proceeded to adduce his evidence. Testifying in his own behalf he stated that the trailer he was pulling was seven feet wide and approximately twenty feet long, that it was loaded with cooking utensils, guns, clothing, a chest of drawers, all of his carpenter tools, axes, and things like that, and that he had been traveling down the highway under such conditions at a speed of from thirty-five to forty miles per hour. He admitted he had but one light on the rear of the trailer, that he had been having trouble with such light and that he had been stopped for failure to have it lighted as the highway patrolman had testified. He then stated he could not see the tail light from up in the car and did not know whether it was burning immediately prior to the accident but did know definitely that it was burning three miles back up the road. Touching the situation existing just prior to and at the moment of the collision the following questions and answers appear as a part of his direct and cross-examination.

Direct examination:

"Q. As you came along in towards Norton, tell us about how fast you were traveling, Mr. Lewis? A. I figured I was driving 35 to 40 miles per hour. I wouldn't know exactly. But with that trailer I didn't drive any faster than that. You can judge the speed I was going by the miles I had—about 140 miles.

"Q. When you reached a point about three to four miles west of Norton, tell us whether or not you were involved in a collision? A. Well, I was coming down the road there at what I thought in a prudent manner, and all at once, something hit me in the back and jerked my head back. Of course, the car started to reel and I was trying to ride it, and the next thing I knew, this other car came from the other way and wrapped into me on the front fender.

"Q. You were driving east on No. 36? A. That is right.

"Q. You say you were struck from the rear? A. Struck from the rear by another car and in the front by another one.

"Q. When you were struck from the rear what did that do with reference to the car you were driving? A. Well it threw it out of control. It seemed to hit it more or less on the right hand side and pushed the back end over that way, throwed the front end to the center of the road."

Cross-examination:

"Q. When the other vehicle struck you from behind, did that immediately throw the back end of the car to the south and the front end of it across the road? A. It threw me out of control and I would say it did.

"Q. And, did it throw your car clear over on the north side of the road? A. I don't think the car was over three feet across the center of the road when it was hit.

"Q. But it was over on the north side? A. It was over on the north side of the center."

Defendant Lewis produced two other witnesses who testified regarding the condition of his trailer at Otis, Colo., on the day before the accident occurred. This testimony has little bearing on the conditions existing at the time of the accident and hence need not be detailed.

Defendant Noone followed Lewis with his evidence. His own testimony to the effect the collision between Lewis and the plaintiff occurred before he hit the trailer was contrary to the great weight of the evidence and rejected by the jury. Moreover, he is not here on appeal and plaintiff pleads to the contrary. Therefore, his testimony requires little attention. However, the testimony of two of his witnesses, James Kahler and his wife, Bernice Kahler, is of some value. In substance they stated that in attempting to pass Lewis on the highway at a point six and one-half miles west of Norton they experienced difficulty in passing his car and trailer because it was to the north of center and in the middle of the highway and that at such time the trailer's tail light was not on.

At the close of all the evidence Lewis moved for a directed verdict on the ground the undisputed facts and evidence failed to disclose any cause of action in favor of plaintiff and against him. When this motion was overruled the cause was submitted to the jury which, in due time, returned a general verdict in favor of plaintiff and against both defendants, together with its answers to special questions which, in view of the issues, must be quoted at length. Such questions and the answers thereto read:

"Question Number 1: Did the defendant, Noone, strike the trailer of the defendant, Lewis, before or after the collision between the car of the defendant, Lewis, and the car of the plaintiff? Answer: Before.

"Question Number 2: At what rate of speed was the defendant, Noone, driving at the time he first saw the vehicles of the defendant, Lewis? Answer: App. 50 m. p. h.

"Question Number 3: How far was the defendant, Noone, from the trailer of the defendant, Lewis, when Noone first saw it? Answer: App. 275 feet.

"Question Number 4: In what distance could the defendant, Noone, by the use of ordinary care, have stopped his automobile at the rate of speed you find he was driving when he first saw or should have seen the vehicles of the defendant, Lewis? Answer: Within the vision of the headlights.

"Question Number 5: Was the Lewis trailer attached to the Lewis automobile at the time it was struck by the Noone automobile. Answer: Yes.

"Question Number 6: Would the plaintiff and defendant, Lewis, have safely passed each other, except for the fact that the defendant, Noone, collided with the trailer attached to the Lewis automobile? Answer: Yes.

"Question Number 7: If you find the defendant Noone collided with the Lewis trailer while it was attached to the Lewis automobile then state: The distance the defendant, Noone's, vehicle and the Lewis vehicles traveled before the collision with the plaintiff? Answer: App. 63 feet.

"Question Number 8: If you find for plaintiff and against the defendant, Noone, then state what acts of negligence the defendant Noone did? Answer: Failed to have his car under control.

"Question Number 9: If you find for plaintiff and against the defendant, Lewis, then state what acts of negligence the defendant Lewis did? Answer: Failed to have his car under control. The following questions need not be answered, if you answer question No. 1, 'after'.

"Question Number 10: (a) What warning lights did the defendant Lewis have on his trailer at the time of the collision between it and the defendant Noone's car? Answer: One tail and stop light, and one reflector. (b) Was any warning light on said trailer lighted and burning at said time? Answer: No.

"Question Number 11: If you answer question 10(b) 'No' then state if the collision with plaintiff's car would have happened, if said light had been lighted and burning? Answer: Yes.

"Question Number 12: State if the collision with plaintiff's car would have happened, if the defendant Lewis had had three red lights on rear of his trailer, evenly spaced and not less than 6 nor more than 12 inches apart, lighted and burning at the time of the collision with defendant Noone's car? Answer: Yes."

Following the return of the verdict Lewis filed a motion to set aside the answer to special question No. 9, a motion for judgment *non abstante veredicto,* a motion for new trial, and a motion for a new trial on the cross petition of his codefendant. Noone filed a motion to set aside the answers to certain special questions and for a new trial. When all these motions were overruled judgment was entered on the verdict. Lewis then perfected the appeal to which we have heretofore referred.

Appellant's assignment of error the trial court erred in overruling his demurrer to appellee's evidence requires little attention and can be easily disposed of. At that stage of the proceeding the evidence was entitled to the benefit of all inferences. So construed, for purposes of the demurrer, it must be regarded as disclosing that at the time of the accident he was on the wrong side of the highway under conditions proximately resulting in a collision with an oncoming motor vehicle on its right-hand side of

the highway. This, under our decisions (*Beecher v. Stepanian,* 170 Kan. 201, 224 P. 2d 1017) was enough to establish a prima facie case of actionable negligence.

Even more grounds exist for holding the trial court did not err in overruling appellant's motion for a directed verdict. At the time it was passed upon Noone had testified appellant had collided with appellee's automobile prior to his striking the trailer. It was the province of the jury not the trial court to pass upon the import to be given his testimony.

Neither can it be held that the trial court erred in overruling the motion for judgment on the special questions *non obstante veredicto.* The established rule in this jurisdiction is that for the purpose of obtaining a ruling on such a motion all special findings are admitted to be true (*Sams v. Commercial Standard Ins. Co.,* 157 Kan. 278, 139 P. 2d 859; *Jelf v. Cottonwood Falls Gas Co.,* 162 Kan. 713, 178 P. 2d 992; *Hubbard v. Allen,* 168 Kan. 695, 701, 215 P. 2d 647.) As we have seen special question No. 9 as answered by the jury was to the effect appellant's negligence consisted in failing to have his automobile under control, while the answer to question No. 8 respecting Noone's negligence was of similar import. Assuming for present purposes, as we must, that these answers are supported by evidence and accepting them at their face value they convict the defendants in this action of concurrent negligent acts which make them liable as joint tort-feasors. See *Reed v. Mai,* 171 Kan. 169, 231 P. 2d 227, wherein we held:

"Where a third person sustains indivisible injuries in a motor vehicle collision as a result of negligence on the part of the drivers of two other motor vehicles, which is so related and interwoven in point of time and place that it appears the injuries would not have been received by the third person except for the successive and combined negligence of the others, those whose negligent acts so united in producing the injuries are jointly and severally liable to the injured party and may be sued separately or jointly at his election." (Syl. ¶ 3.)

See, also, *Rowell v. City of Wichita,* 162 Kan. 294, 176 P. 2d 590, which holds:

"A cause is concurrent if it was a cause which was operative at the moment of injury and acted contemporaneously with another cause to produce an injury and was an efficient cause in the sense that without it the injury would not have occurred." (Syl. ¶ 11.)

The primary contention advanced by appellant in support of his claim the trial court erred in overruling his motion for new trial is

founded upon the premise there is no evidence to support the jury's answer to question No. 9 that Lewis was negligent in failing to have his car under control. This claim, although urged in connection with the contentions heretofore disposed of, has not been previously discussed for the obvious reason our conclusions as to the propriety of the trial court's rulings respecting such matters would have been the same regardless of its merit.

Turning to the question now under consideration we observe appellant does not now contend appellee was guilty of any negligence and concedes he was on the wrong side of the road at the moment of the collision. We note the record discloses that the day before the accident he had upset the trailer at Otis, Colo., with the result he was forced to stop there for repairs and that shortly prior to the accident, to be exact not to exceed three miles from the scene thereof, he was driving in the middle of the highway in such manner the Kahlers experienced difficulty in overtaking and passing him. From the same source we note that immediately prior to the collision he was pulling the trailer, which was seven feet wide, approximately twenty feet long, and loaded with what must have been most of his personal belongings, down the highway with a 1935 Model Ford at a speed of from thirty-five to forty miles per hour. We note further the record discloses no testimony to indicate that as he approached appellee's automobile he made any attempt to slow down, although he was bound to know another automobile was following him and must have known that he was traveling at such a rate of speed that if anything happened to his trailer, whether it be trouble of the kind he had experienced the day before, a blowout, or a collision from the rear, the brakes of the vehicle he was using for pulling the trailer, even if they had been applied, would not have been sufficiently adequate to have enabled him to stop in time to avoid an accident with approaching automobiles. We note further that in his own testimony, except for a statement "the car started to reel and I was trying to ride it" he makes no claim, that after Noone struck him, he applied his brakes or attempted to pull to the right of the highway in order to avoid the impending collision. Also that it was not until cross-examination that he admitted he was on the wrong side of the highway when the collision occurred.

Under the foregoing conditions and circumstances we are unwilling to say, as a matter of law, there was no evidence to sustain

the jury's answer to finding No. 9. This means the trial court did not err in refusing to set aside such answer and, as we have heretofore indicated, compels a conclusion the special questions find the appellant guilty of an act of negligence which supports and upholds the general verdict against him and his codefendant as joint tortfeasors.

In reaching the conclusion just announced we have not been unmindful of appellant's contention that Noone's negligence, not his, was the proximate cause of the collision. With finding No. 9 approved this claim requires little attention. All our decisions hold that where concurrent negligent acts of joint tort-feasors contribute to bring about injury to an innocent third party the degree of their culpability is immaterial (See, *Tilden v. Ash,* 145 Kan. 909, 67 P. 2d 614; *Taggart v. Yellow Cab Co. of Wichita,* 156 Kan. 88, 131 P. 2d 924; *Reed v. Mai,* supra).

We fail to find substantial merit in any of the other arguments advanced by appellant as grounds for a new trial. It follows that as between appellee and the appellant the judgment rendered by the trial court must be affirmed.

We turn now to questions raised as grounds for granting appellant a new trial against his codefendant, Noone, who, it should perhaps be added, failed to appear in this court and make defense thereto although he had a legal right to do so notwithstanding his attempted appeal from the judgment had been dismissed because it was not filed within the time prescribed by statute.

The first contention advanced respecting this phase of the case is that although seven forms of verdicts were submitted by the court, some of which related to the liability of appellant and his codefendant as between themselves, the jury returned but one general verdict in which it found appellant and his codefendant jointly liable. The claim is now made this left appellant's cross petition against Noone undecided. We are not too certain the return of a general verdict did not amount to a finding that neither Lewis nor Noone was entitled to recover against the other on his respective cross petition (53 Am. Jur., Trial, 7720 § 1041). Even so there is no occasion for passing upon such question. The record fails to disclose appellant made any objection to the verdict until after the jury was discharged. In that situation he is deemed to have waived any objections he might have thereto and cannot urge them for the first time upon a motion for a new trial or on appeal. (53 Am. Jur.,

Trial, 719, 720, 721, §§ 1039, 1041 and 1043; 64 C. J., Trial, 1110 to 1112 Incl. § 916.) This, it should be added, has long been the rule in this jurisdiction with respect to answers to special questions. See, e. g., *Hill v. Southern Kansas Stage Lines Co.*, 143 Kan. 44, 53 P. 2d 923; *Earhart v. Tretbar*, 148 Kan. 42, 80 P. 2d 4; *Henderson v. Deckert*, 160 Kan. 386, 162 P. 2d 88; *Baker v. Western Cas. & Surety Co.*, 164 Kan. 376, 190 P. 2d 850.

Next it is argued the trial court erred in giving instruction No. 11 to the effect contributory negligence on the part of the appellant was a defense available to the defendant, Noone, on appellant's cross petition. This argument is based upon the theory contributory negligence is an affirmative defense and was not pleaded in Noone's answer to such pleading. Conceding the general rule, we believe, that under the circumstances of this case the claim is hypertechnical. Heretofore we have pointed out that appellant's cross petition charged Noone's negligence was the proximate cause of his injury, that Noone's cross petition charged appellant's negligence was the proximate cause of the damages sustained to his automobile, and that each had denied the negligence charged by the other. Contributory negligence is simply another form of negligence. Therefore, with the pleadings such as have been heretofore related, it cannot be said the parties failed to affirmatively join issue on that question. In fact it has been held (See 65 C. J. S., Negligence, 925 § 198), that if the pleadings taken together raise the issue, although irregularly, it is sufficient to admit evidence thereon.

The motion now under consideration specifies abuse of discretion by the court and misconduct of the jury as grounds for the granting of a new trial against Noone. These grounds are neither argued nor briefed on appeal and the record does not disclose they were urged in the court below. Under such conditions they are deemed to have been waived and are not subject to appellate review.

The remaining five grounds of this motion are predicated upon the appellant's assumptions that the answer to special question No. 9 is not sustained by evidence, that the answers to special questions are inconsistent with each other and with the general verdict, and that the general verdict is not sustained by such answers. These assumptions, as we have already pointed out, are unwarranted and therefore the grounds relied on afforded the trial court no sound basis for awarding appellant a new trial against Noone.

In conclusion it should be said we are not here attempting to

pass upon the rights of parties as between themselves in a case where a general verdict has been returned against codefendants on the theory of joint and concurrent negligence. All we hold is that under the record as presented we are unable to find anything on appellate review which warrants us in holding the trial court erred in refusing to grant appellant a new trial against Noone on the grounds set forth in his motion for a new trial.

The judgment is affirmed.

WEDELL and PRICE, JJ., dissenting.