No. 27,942.

ANTONY LIGIEJKO, *Appellee*, v. ADAM NICZYPEROWICZ, *Appellant.*

(271 Pac. 282.)

Opinion filed November 3, 1928.

*George H. West* and *P. W. Croker,* both of Kansas City, for the appellant.

*William Drennan* and *Joseph A. Lynch,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action by Antony Ligiejko against Adam Niczyperowicz, for alienating the affections of his wife, the plaintiff recovered. The defendant appeals, alleging error in the admission of evidence in refusing to direct a verdict in defendant's favor on the ground that the action was barred by the statute of limitations, and that the verdict was not sustained by the evidence. The jury returned a verdict awarding plaintiff damages in the sum of $3,125. The court overruled a motion by defendant for a new trial, but at the same time ruled that the verdict should be reduced to $2,000, and judgment for that amount was rendered.

Only a part of the evidence was brought up on the appeal. It appears that the appeal was dismissed on grounds alleged, but upon a stipulation by the parties that the appeal should be reinstated upon the condition that the defendant should waive the ground of error that the verdict was not supported by the evidence. The stipulation was filed, the appeal reinstated and the case was finally submitted on a partial record of the evidence.

Defendant presents as error the admission of a conversation be-

tween plaintiff and his wife, during which she told him that she was going to "shag" him out of the house and bring Adam in. That she had said that several times, and got mad when plaintiff brought a suit against Adam. The defendant moved the court to strike out this testimony. The ruling on the motion was reserved by the trial court, and at the close of the plaintiff's testimony the court sustained the motion and struck out the evidence to which objection had been made, and at that time instructed the jury that all the evidence as to statements or communications made by his wife to him were stricken out and must not be considered by them. Since the communication was stricken out and the jury admonished to give it no consideration, no prejudice could have resulted. It cannot be assumed that the jury would disregard the instruction of the court and consider testimony expressly taken from its consideration.

Defendant assigns as error the admission of testimony given by plaintiff. He was asked if defendant had come back to plaintiff's home after he had been prohibited from going there by an order of the court. Plaintiff replied, "I goes to sleep at about eight o'clock, and usually it is about that time or later that Adam comes, about ten o'clock; I am sleeping and don't know, but witnesses see." It is said that the phrase "but witnesses see" was hearsay in its nature and should have been stricken out. What witnesses did see is not stated. The remark, however, interpreted is not so material as to be a ground of reversal. Besides one of the defendant's witnesses testified that he was at plaintiff's home after he had been driven away by an order of the court. The admission of the testimony cannot be regarded as prejudicial error.

An assignment of error is that the findings and verdict are without support in the evidence, and some of the evidence is quoted apparently with the view of maintaining this contention. This assignment is not available to the defendant since the parties agreed and stipulated that it should not be treated as a ground of error. More than that, the alleged ground could not have been considered if there had been no waiver. Only a fraction of the testimony was brought up in the appeal, and none of the special findings of the jury were preserved. The sufficiency of the evidence to sustain the verdict could not be considered without the substance of all the pertinent evidence. Probably the absence of evidence in the record induced the making of the agreement to waive the assignment that the verdict was without support.

Finding no error in the record, the judgment is affirmed.