No. 40,381

MARVIN J. CHERRY, *Appellant,* v. STATE AUTOMOBILE INSURANCE ASSOCIATION, *Appellee.*

(310 P. 2d 907)

Opinion filed May 11, 1957.

*Fred R. Vieux,* of Augusta, argued the cause and was on the briefs for the appellant.

*W. A. Kahrs,* of Wichita, argued the cause, and *Robert H. Nelson, Julian H. Zimmerman,* and *Patrick F. Kelly,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This was an action to recover damages for injuries

sustained in a collision between two motor vehicles. The defendant prevailed and the plaintiff appeals.

The pleadings are not in controversy and require little attention. However, since they outline the issues, brief reference will be made thereto.

After reciting plaintiff was a resident of Butler County, Kansas, that the defendant was an insurance association organized and existing under the laws of the State of Iowa, and that on the date in question one Voyd Bourne of Burden, Kansas, was insured by the company for public liability as a common and contract carrier of property, the petition alleges that the proximate cause of the injuries sustained by plaintiff in the collision were due to divers acts of negligence on the part of such Bourne, while driving his motor vehicle, a cattle truck, upon the public highways.

The answer admits the existence of a policy of insurance covering operations of Bourne, as alleged in the petition, denies that individual's operation of his motor vehicle was the proximate cause of the collision, and charges that the proximate cause of such collision and any damages sustained therein by plaintiff resulted from his own contributory negligence and divers acts of negligence (describing them) in driving his automobile on the highway, which preclude his recovery.

Plaintiff's reply to the answer denies the allegations of that pleading and renews his request for the damages claimed in his petition.

Due to the nature of contentions advanced by the parties the facts are highly important to a proper understanding of the issues involved. Therefore we give our immediate attention to the factual picture disclosed by the record.

The involved collision occurred four miles west of Augusta, Kansas, at approximately 12:30 p. m. on October 11, 1954, at a point where U. S. Highway 54, hereinafter referred to as the highway, runs east and west through Augusta and intersects a north and south township road commonly referred to as the Santa Fe Lake Road, hereinafter referred to as the road. Although it had been in existence for many years as a two-lane trafficway the highway was then in process of construction as a four-lane highway with an island, approximately twenty feet in width, separating the old lanes of traffic from the two new lanes under construction, the latter being located to the north of the island and the previously existing portion of the highway.

Further facts are necessary in order to complete the picture re-

specting the existing road and traffic conditions as they existed at or near the scene of the collision on the date in question. The two old lanes of the highway crossed the road and were open for all east and west bound traffic, the north half of the slab being restricted to west going traffic and the south half restricted to east going traffic. The portion of the highway under construction ran parallel to the existing traffic lanes and also crossed the road. It was not open to public traffic but was being used by employees of the Koss Construction Company, of which the plaintiff was one, who were using it for construction purposes. Thus it appears, that for all intents and purposes, there were actually two existing intersections on the highway and road near the scene of the accident on the date of the collision. One of these intersections, as has been previously indicated, was located where the portion of the highway open for public traffic crossed the road. The other was where the portion of the highway under construction crossed the same road.

There is some dispute between the parties as to whether these intersections were open to cross-over traffic at the time of the collision. We have examined the record on this point and have decided the existing facts and circumstances require a conclusion that they were.

We now turn to facts and circumstances leading up to and resulting in the collision.

Immediately preceding the collision, Bourne, the defendant's insured, was driving a cattle truck, loaded with cattle and weighing 20,000 pounds, westerly on the north half of the old slab of the highway. As he approached the road he decreased the speed of his vehicle and signaled for a right-hand turn on such road. The plaintiff was also driving his Ford automobile in a westerly direction on the portion of the highway which was then under construction. After giving his signal Bourne turned north on the road and proceeded in that direction until his truck had reached a point more than half way across the slab portion of the newly constructed highway. At that point plaintiff who had been driving his automobile down the newly constructed slab in a westerly direction, at a high rate of speed, entered the intersection, to which we have last referred, and collided with the truck. As the result of this collision plaintiff sustained the injuries to person and property for which he seeks recovery.

We are not here disposed to labor the facts respecting negligence on the part of either party. It suffices to say the day was clear,

visibility was good, there were no obstructions to vision for about one-half mile east of the point where the accident occurred, and that there was ample evidence to sustain the jury's answers to the effect each party was guilty of the negligence found by it in response to the special questions to which we shall presently make reference.

After a full and complete trial, disclosing facts as heretofore related, the cause was submitted, under instructions by the court, to a jury which returned a general verdict for the defendant along with its answers to special questions, to which no objection was made at the time of their submission. They read:

"1. When the plaintiff was proceeding east of the Lake Road and prior to the time he applied his brakes, at what speed was he travelling?

"Answer: Approximately 60 M. P. H.

"2. Was plaintiff's speed immediately before the collision on the newly constructed highway, which was not open to the public, reasonable considering the condition of the highway and circumstances existing at the time and place?

"Answer: No.

"3. Do you find that the truck operated by Voyd Bourne on the Lake Road started to cross the newly constructed highway before the car driven by plaintiff had reached the Lake Road?

"Answer: Yes.

"4. If you answer the foregoing question in the affirmative, then state why the plaintiff failed to yield the right-of-way to the truck operated by Voyd Bourne.

"Answer: driving without due regard.

"5. At what speed was Voyd Bourne travelling as he proceeded north on the Lake Road across the newly constructed highway?

"Answer: 5 mi per hour.

"6. State the distance plaintiff was from the Lake Road when he saw or should have seen the Bourne truck proceeding on the Lake Road across the newly constructed road.

"Answer: 180 feet.

"7. When plaintiff saw or should have seen the Bourne truck proceeding on the Lake Road across the newly constructed road, what, if anything, prevented the plaintiff from preventing a collision?

"Answer: It was impossible to stop or alter his course in time to avoid a collision after the brakes were applied.

"8. Do you find that Voyd Bourne was guilty of any negligence as alleged in the petition which was the proximate cause of the collision?

"Answer: Yes.

"9. If you answer the foregoing in the affirmative, then state what act or acts of negligence you find the said Voyd Bourne guilty of.

"Answer: An act of negligence was committed for failing to observe oncoming vehicle before entering new construction.

"10. Do you find the plaintiff, Marvin Cherry, guilty of any negligence which was the proximate cause of the accident?

"Answer: Yes.

"11. If you answer the foregoing question in the affirmative, then state the act or acts of negligence you find the said Marvin Cherry guilty of.

"Answer: Driving without due regard.

"12. If you find for the plaintiff, how much do you allow for:

"Damage to the automobile........................... $
"Loss of teeth, inconvenience, pain and suffering, perma-
nent disability ............................... $
"Loss of wages......... ........................ $
"Medical and hospital bills:........................ $
_____
"Total amount allowed............................. $"

Following action as last above indicated plaintiff filed a motion to set aside the general verdict on the ground it was inconsistent with the special findings and a motion for a new trial. When these motions were overruled the trial court approved the general verdict and the answers to the special questions and then entered judgment thereon against the plaintiff and in favor of the defendant. Thereupon plaintiff perfected the instant appeal.

The first question raised by appellant has to do with the testimony of an expert witness. During the course of the trial John Fee, a highway patrolman, was called by the appellee as an expert. Appellant suggests this witness was not qualified to testify in that capacity. Let us see. Evidence qualifying the witness was to the effect Mr. Fee had been a Trooper for the Highway Patrol for the State of Kansas for ten years; that he had attended the Northwest Traffic Institute where he studied physical evidence pertaining to traffic on the highways; that he had attended several schools within the Patrol pertaining to traffic problems, and that he had personally made tests as to distances an automobile will travel at different speeds after the brakes had been applied. On the basis of this showing we do not believe the court erred in permitting such witness to testify as an expert. However, the weight to be given his testimony was for the jury. (*Denver v. Railway Co.*, 96 Kan. 154, 150 Pac. 562; *Myers v. Shell Petroleum Corp.*, 153 Kan. 287, 110 P. 2d 810, and other decisions cited in Hatcher's Kansas Digest [Rev. Ed.], Evidence, § 199.)

Next it is urged that the testimony of this witness was speculative, indefinite and vague and therefore erroneously admitted. In this connection it must be conceded that at the outset of his testimony Fee was handed two exhibits, one being a picture of skid marks on the highway and the other a picture showing the impact of the two vehicles involved, and was then asked a dual hypothetical question

as to whether, assuming that the car that made the skid marks in one of the pictures was a 1953 Ford; that such marks were made in 1954 at the time of the accident; that the car had good brakes; that the skid marks were made on a concrete highway as there shown; that the car laid down 108 feet of skid marks; and after going 108 feet ran into the truck and did the damage shown in the other picture, he had an opinion as to the speed of the car at the time it hit the truck. The witness was permitted to answer this question in the affirmative over appellant's objection the measurement of speed by impact of metals on each other, based on a picture, was purely speculative and therefore inadmissible. Following this answer he testified it was his opinion from experience with the damages done by automobiles that appellant's car had to be traveling twenty miles per hour to do the damage disclosed by the picture at the time of the impact; also that it was his opinion, based on the question asked, and the picture of the skid marks left on the highway, that appellant's car was traveling seventy miles per hour when he first made application of the brakes which caused the skid marks shown by the picture. Subsequently appellant cross-examined Fee respecting whether it was mere conjecture on his part to say the Ford car was going one speed or another previous to the accident. During the course of this examination the witness stated he was basing his opinion on the tracks left and by looking at the picture of the skid marks left on the highway, and then said:

"The tracks in that picture and as shown to me, if that is the picture left by the Cherry vehicle, the Ford, are perfect black marks of brakes under perfect conditions. They would have to be to leave straight line marks like he is sliding. I am basing my opinion on those providing they are one hundred eight feet long which I don't know."

On the day following admission of the foregoing testimony the trial court, on its own motion, addressed the jury and said:

"Yesterday afternoon when Mr. Fee, the highway patrolman, was on the witness stand he was asked in regard to the speed of cars by the damage that was done to an automobile. I permitted that evidence to go in over the objection of the plaintiff. I think my ruling on that, any testimony Mr. Fee gave in regard to an estimated speed of an automobile by reason of the damage to the car, that he estimated by examining a picture, will be stricken from your consideration and you will not consider it. However the other testimony in regard to skid marks and things of that kind he testified to is proper for your consideration." .

Appellant raises two questions respecting the foregoing testimony. First he contends it was error to permit Fee to estimate the speed of

his automobile by reason of its condition after the accident, as shown by the picture, and that the court's instruction to disregard any testimony of that character did not cure such error. Assuming, as he contends, it was error to introduce such testimony in the first instance, we are unable to concur in his view respecting the force and effect of the court's instruction. The books are full of cases holding that an instruction to disregard testimony erroneously admitted cures what might otherwise afford sound ground for reversal of the judgment. (*Townsdin v. Nutt*, 19 Kan. 282; *Ligiejko v. Niczyperowicz*, 126 Kan. 675, 271 Pac. 282; *Thompson v. Barnette*, 170 Kan. 384, 391, 227 P. 2d 120; Hatcher's Kansas Digest [Rev. Ed.], Trial, § 59, West's Kansas Digest, Appeal & Error, § 1053 [2].) This, we may add, is especially true where—as here—the record fails to make it affirmatively appear such instruction has been disregarded by the jury in reaching its verdict. Next it is argued Fee's estimate speed, which we pause to point out, was pin pointed by appellant's own cross-examination, based on the skid marks shown by the picture which, according to other testimony were 108 feet in length, was erroneously admitted for reasons previously stated. We do not agree. Under the conditions and circumstances heretofore related, and since as we have previously indicated the weight of such evidence is for the triers of fact, we have little difficulty in concluding that a witness qualified as an expert may give his opinion, based upon the length of skid marks as shown by a picture, as to the speed of a motor vehicle involved in an accident.

Directing attention to the trial court's Instruction No. 1 we note it sets forth at some length the allegations of the answer and, we may add, just as fully the allegations of the petition. It is also to be noted that Instruction No. 2 states that the allegations of the parties, as set forth in their written pleadings, are not to be taken by the jury as any evidence of the truth or falsity of the parties and that such allegations must be proven by evidence from the witness stand. We fail to find anything in the record disclosing that appellant objected to Instruction No. 1 at the time it was given. Notwithstanding he now contends that such instruction was so erroneous as to require a reversal of the judgment.

In fairness to appellant it should be stated that most of his arguments on the point now under consideration hinge around the proposition that G. S. 1949, 8-550, providing, among other things, that the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from

a different highway, which is pleaded as a ground of negligence in the answer and set forth in the subsequent instruction, have no place in the case because it is his theory the old lanes of the highway and the newly constructed portion of such highway all constituted a single highway on the date of the accident, hence appellee in turning from the two lane highway onto the road and just prior to entering the newly constructed portion of such highway was not approaching an intersection. The trouble from appellant's standpoint is that we are convinced the premise on which he bases all of these arguments is erroneous. Our view, contrary to his contention, is that insofar as these two drivers (Bourne and Cherry) were concerned, under the conditions and circumstances shown by the evidence to have existed at the time of the accident, the space where the highway under construction crossed the road was a highway intersection.

Having reached the conclusion just announced we have no trouble in deciding that the trial court did not err in including the major portion of the answer in Instruction No. 1. Such answer and, for that matter, the petition were both short and couched in plain, simple and understandable language. Moreover, the issues raised by such pleadings were, in our opinion, fairly presented to the jury by the Instructions as a whole. Under such circumstances the rule of this jurisdiction is that a trial court does not commit reversible error in including pleadings, such as are here involved, in its instructions.

See *Williamson v. Oil and Gas Co.*, 94 Kan. 238, 146 Pac. 316, which holds:

"It is not error to incorporate into the court's instructions the plain and simple language of the pleadings when the issues are fairly presented to the jury by the instructions as a whole." (Syl. ¶ 1.)

For another decision of like import see *Balano v. Nafziger*, 137 Kan. 513, 21 P. 2d 869, Syl. ¶ 2.

In Instruction No. 5 the trial court quoted at length from G. S. 1949, 8-550. Appellant's complaint respecting this instruction is based on his erroneous theory such section of the statute has no application under the existing facts and circumstances, hence such complaint requires no further consideration. The same holds true of a further complaint to the effect it was error to refuse his requested Instruction No. 32, which is based on the same premise.

Appellant assigns error in the trial court's refusal to give three other requested instructions. In one of these he asked the court to

advise the jury that the Uniform Act regulating traffic on the highways of this state does not apply to persons while actually engaged in work upon the surface of the highway. Conceding the statute contains such a provision (G. S. 1949, 8-505 [d]) it does not follow appellant was entitled to this instruction. He was not actually engaged in working upon the surface of the highway. Quite to the contrary, he was engaged in driving down the newly constructed highway at an excessive rate of speed. In that situation we think that, instead of giving this requested instruction, the trial court quite properly instructed the jury that the appellant in operating his vehicle on a highway under construction and not open to the public was required to use ordinary care and prudence in order to avoid injury and damage to the person and property of others, lawfully proceeding on a road and/or highway open to the public and crossing the road under construction. The two remaining requested instructions, refused by the trial court, relate to contributory negligence on the part of appellee who, like the appellant, was found guilty of negligence under the heretofore quoted answers to special questions. In the face of such findings we need not labor questions whether the trial court erred in refusing to give these instructions. Since the jury convicted appellee of negligence appellant sustained no prejudice by reason of the refusal to give them. See *Simeon v. Schroeder,* 170 Kan. 471, 227 P. 2d 153, where it is said:

". . . Under our statute (G. S. 1935 60-3317) error complained of which does not prejudice the substantial rights of a party affords no sound basis for the reversal of a judgment and must be disregarded. This rule is, of course, applicable where errors or defects in the instructions become nonprejudicial by reason of special findings (see *Sternbock v. Consolidated Gas Utilities Corp.,* 151 Kan. 81, 91, 98 P. 2d 162)." (p. 474.)

Finally appellant contends that the trial court erred in giving special question No. 3, as heretofore quoted, in that it was an indirect instruction to the jury to the effect it was his duty to stop his automobile and use due care to avoid striking the truck after it had entered the intersection. We do not agree that this question in the form submitted can be regarded as an instruction. Moreover, if it were susceptible to such a construction, appellant failed to make any objection thereto when it was submitted and it is now too late for him to do so on appellate review.

Having determined all issues raised on appeal and finding nothing in them or in arguments advanced in their support to warrant a conclusion the trial court committed reversible error the judgment must be and it is hereby affirmed.