No. 41,548

Lewis E. Foreman and Carra Leona Foreman, *Appellees,* v. (Leonard N. Heinz, *Defendant*) William E. Heinz, *Appellant.*

(347 P. 2d 451)

Opinion filed December 12, 1959.

Robert C. *Foulston,* of Wichita, argued the cause, and George B. *Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Anthony T. Dealy, Gerald Sawatzky, Donald L. Cordes* and Robert L. *Howard,* all of Wichita, were with him on the brief for the appellant.

Robert A. *Thiessen* and Richard W. *Holmes,* both of Wichita, argued the cause, and Donald I. *Mitchell,* of Wichita, was with them on the brief for the appellees.

The opinion of the court was delivered by

Price, J.: This is an action for wrongful death arising out of an automobile collision. Judgment was for plaintiffs and defendant has appealed.

Plaintiffs are the parents of Ronald Foreman, who was six years of age at the time of his death. At about 8:35 P. M. on August 6, 1957, Ronald was out for a ride with the Carmichaels, who were friends and neighbors of his parents. The Carmichael car was traveling east on Pawnee Street at about thirty to thirty-five miles per hour. Mr. Carmichael, the driver, intended to turn north on Webb Road and slowed to about fifteen miles per hour, and, when about 100 feet west of the intersection, set his left-turn indicator light. While negotiating the turn the Carmichael car was hit by the car

owned, and driven from the east, by defendant, William E. Heinz, age nineteen. The approximate point of impact was on Pawnee Street three feet south of the north edge of that street and seven feet west of the west side of Webb Road. The force of impact caused the Carmichael car, traveling in a northeasterly direction, to be thrown west and north, and it came to rest facing south, about thirty-five feet distant from the point of impact. Defendant's westbound car laid down 105 feet of braking skid marks prior to the collision, continued on west for 136 feet, and came to rest facing east. The passengers in the Carmichael car were thrown from it. Both cars were demolished, and plaintiff's son was killed instantly.

Leonard N. Heinz, the father of defendant William E. Heinz, was joined as a party defendant on the theory of ownership of the car and that he knowingly permitted William, a known reckless driver, to operate a vehicle. His demurrer to plaintiffs' evidence was sustained, however, thereby removing him from the case.

The petition charged that William E. Heinz, hereafter referred to as defendant, was negligent in that he failed to keep a proper lookout for vehicles at the time and place in question; failed to have proper brakes in order to be able to stop, turn aside, or avoid striking the Carmichael car; in driving at a high and dangerous rate of speed in excess of seventy miles per hour; failing to keep his car under control, and in driving his car at a speed at which he could not stop within range of his vision. Recovery was sought in the amount of $25,000.

The answer denied negligence on the part of defendant and alleged that the death of plaintiffs' son was caused solely by the negligence of the driver of the Carmichael car in that he suddenly and without prior warning made a left turn directly in front of defendant's car; that he failed to keep a proper lookout and to give a proper signal of his intention to turn, and failed to observe defendant's car. As further defenses the answer alleged that defendant was acting in an emergency, and that if the collision was not caused by the negligence of the driver of the Carmichael car then it was an unavoidable accident for which no one was to blame.

Upon the issues thus joined the parties proceeded to trial and at the conclusion thereof the jury returned a general verdict for plaintiffs in the amount of $8,076.03, and answered special questions as follow:

"1. State the location of defendant's vehicle with reference to the point of collision at the time the plaintiff car commenced its left turn.

"Answer: East of Webb Road and north lane of Pawnee.

"2. State the speed of defendant's vehicle immediately prior to the time he observed the plaintiff vehicle turning.

"Answer: High and dangerous rate of speed at and on approach to intersection, in excess of 60 miles per hour.

"3. State, if you can determine from the evidence, what is the braking distance, exclusive of reaction time, for defendant's vehicle operated at the speed found in 2 above?

"Answer: Cannot determine.

"4. State, if you can determine from the evidence, what the braking distance would be for defendant's vehicle at a speed of:

"Answer:

(a) 55 miles per hour 226.9'.
(b) 60 miles per hour 270'.
(c) 65 miles per hour insufficient evidence.
(d) 70 miles per hour 367.6'.
(e) 75 miles per hour insufficient evidence.
(f) 80 miles per hour 480'.

"5. If you find for the plaintiffs, state the act or acts of negligence you find against the defendant which were a proximate cause of the collision.

"Answer:

1. Driving at high and dangerous rate of speed, at and on approach of intersection.
2. Failing to keep control of his car which enabled him to stop or turn aside.
3. Failing to drive his car at a speed at which he could stop or turn aside, after a left-turn signal had been given by Carmichael while 100 ft. west of intersection."

Defendant's post-trial motions, including one for a new trial, were overruled and judgment was entered on the verdict. Defendant has appealed, and although nine specifications of error are assigned only two questions are argued.

The first is that it was error to admit expert or opinion evidence of defendant's speed based on skid marks, location of vehicles, damage to vehicles and independent tests—or, if otherwise admissible, that no proper foundation was laid for its introduction.

The second point is that the jury's answers to the special questions are so indefinite as to constitute a failure to decide the issue, thus entitling defendant to a new trial.

The first question concerns the testimony of Sheriff Bland of Sedgwick county who at the time of the collision was captain of the sheriff's patrol division, and of Lieutenant Clark of the traffic division of the Wichita police department.

Sheriff Bland testified that while with the sheriff's office he had investigated 1,500 to 2,000 traffic accidents, and that while a police officer with the city he had occasion to investigate 2,500 to 3,000 traffic accidents. He had served as a patrolman, motorcycle traffic officer and traffic-accident investigator for the police department.

Lieutenant Clark testified that he had been a police officer for over eighteen years and presently was a lieutenant in the traffic division of the department, one of his principal duties being to investigate accidents and to make conclusions as the result of such investigations. He was a graduate of the traffic institute at Northwestern University, had attended various other traffic schools, and had taught an accredited course at Wichita University and also Kansas University on various phases of accident investigation and traffic control.

Sheriff Bland was at the scene of the collision, whereas Lieutenant Clark was not. Based on length of skid marks, types of cars involved, type and nature of the highway surface, location and damage to the two cars, and other physical facts, each of these witnesses was permitted to give his opinion as to the speed of defendant's car at the time of the collision. Sheriff Bland estimated defendant's speed at the time of impact as sixty to sixty-five miles per hour. Lieutenant Clark estimated defendant's speed at forty miles per hour at the time of impact.

It is argued that no proper foundation for such expert or opinion evidence was laid, and that such evidence was clearly inadmissible.

The qualifications, experience and background of each of the two witnesses has been related, and, in our opinion, it may not be said that a proper foundation for their testimony was not laid. As pointed out by defendant, we realize that courts throughout the land are not in complete agreement on the question of admissibility of opinion evidence as to speed based on physical facts such as skid marks, damage to vehicles, and the like. While not precisely in point, in *Briley v. Nussbaum,* 122 Kan. 438, 252 Pac. 223, it was held not to be error to instruct the jury that in determining the rate of speed a vehicle was traveling the length of skid marks might be taken into consideration. In *Cherry v. State Automobile Insurance Association,* 181 Kan. 205, 310 P. 2d 907, it was said:

"Under the conditions and circumstances heretofore related, and since as we have previously indicated the weight of such evidence is for the triers of fact, we have little difficulty in concluding that a witness qualified as an expert may give his opinion, based upon the length of skid marks as shown by a picture, as to the speed of a motor vehicle involved in an accident." (p. 211.)

See also the annotations at 133 A. L. R. 726, and 23 A. L. R. 2d 112, 116 and 141.

Close-up photographs of the two cars were introduced in evidence and are included in the record before us. They have been examined and we feel constrained to say that they offer silent but conclusive proof of the fact that at the time of impact at least one of the cars was traveling at a high rate of speed.

With respect to the second proposition, concerning the alleged evasiveness of the jury's answers to special questions, the chief complaint appears to be against the first two answers. We think, however, the contention lacks substantial merit. We are told that the special questions were prepared by and submitted at the request of defendant. It is noted that the first question does not ask for the distance in feet east of the point of collision. The jury's answer was that defendant's car was east of the intersection and in the right traffic lane, which fact, of course, is correct. In its answer to the second question the jury simply replied that it could not specifically and definitely state the speed of defendant's car, but that under the circumstances it was high and dangerous and in excess of sixty miles per hour.

Considerable evidence was introduced in the trial of this case. Each of the drivers testified as to his version of how the collision occurred. No complaint is made concerning instructions and it must be presumed the jury was fully and correctly instructed on all phases of the case. We have considered all contentions made by defendant, but, nothing of a prejudicial nature being made to appear, and, the verdict having been approved by the trial court, the judgment is affirmed.