(609 P.2d 224)
No. 51,083

STATE OF KANSAS, *Appellee*, v. JEFFREY N. BOYDSTON, *Appellant.*

Opinion filed March 28, 1980.

*Barry W. McCormick,* of Payne & Jones, Chartered, of Olathe, for appellant.

*Michael B. Buser,* assistant district attorney; *Dennis W. Moore,* district attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: On September 26, 1978, a car driven by Jeffrey N. Boydston (appellant) ran a stop sign and struck another car, killing the other driver. On the morning of trial, the State was allowed to endorse five additional witnesses over appellant's objections. Three of the five witnesses testified. One of the witnesses so endorsed, Manuel Andres, an accident reconstructionist, was allowed to testify over objection as to the rate of speed of

appellant's car based upon the collapsed damage to the cars from photographs taken of the vehicles.

Appellant was found guilty of vehicular homicide (K.S.A. 21-3405) by a jury.

Appellant claims that K.S.A. 21-3405 is void for vagueness and/or violative of due process and equal protection.

K.S.A. 21-3405(1) defines vehicular homicide as:

"[T]he killing of a human being by the operation of an automobile, airplane, motor boat or other motor vehicle in a manner which creates an unreasonable risk of injury to the person or property of another and which constitutes a material deviation from the standard of care which a reasonable person would observe under the same circumstances."

In addition to arguing that the statute was unconstitutional, appellant claims that the case requires the jury to be instructed that the material deviation from the standard of care which a reasonable person would observe under the same circumstances lies somewhere between ordinary negligence and wanton conduct.

First, the constitutionality of K.S.A. 21-3405 was discussed in *State v. Randol,* 226 Kan. 347, 597 P.2d 672 (1979), and the court found the statute to be constitutional, and not vague or indefinite. *State v. Randol* is controlling. Second, appellant's contention that an instruction would be needed to advise the jury that a material deviation lies between ordinary negligence and wanton conduct has no merit. Since ordinary negligence is any deviation from the standard of care that a reasonable person would observe under the same circumstances, it follows that a material deviation would be negligence which exceeds ordinary negligence.

Appellant claims the trial court abused its discretion in admitting expert testimony as to the speed of the cars based upon photographs of the damage to the cars.

In *Howard v. Miller,* 207 Kan. 246, 252, 485 P.2d 199 (1971), the court held that the trial court is vested with wide discretion in receiving opinion evidence. In *Miller,* the Supreme Court held that there was no abuse of discretion in the trial court's exclusion of testimony by plaintiff's accident reconstruction expert as to the speed of defendant's automobile. In that case the trial court's action was based upon the fact that the witness had examined defendant's Buick only from photographs and had used repair estimates on it furnished by others, and because the length of the skid marks was not fully ascertainable.

In viewing the admission of expert testimony, this court must determine whether the facts upon which an expert relies for his opinion afford a reasonably accurate basis for his conclusions as distinguished from mere guess or conjecture. See *Myers v. Shell Petroleum Corp.,* 153 Kan. 287, 302, 110 P.2d 810 (1941); *Spraker v. Lankin,* 218 Kan. 609, 545 P.2d 352 (1976), and *Lollis v. Superior Sales Co.,* 224 Kan. 251, 580 P.2d 423 (1978).

In the instant case the accident reconstructionist was not only furnished with photographs of the accident, but he had also been to the location of the accident. Although at that time the cars had been removed, he could still ascertain the point of impact and where the automobiles came to rest. In addition, Exhibit 10, a diagram of the accident scene, which was admitted at the trial, was made known to the witness. It is noted that the photographs of the vehicles concerned which were admitted into evidence were very clear, and unmistakably showed very severe damage. Under the circumstances of this case it was not error for the trial court to permit the accident reconstruction witness to give evidence as to the estimated speed of the appellant's automobile, considering the facts that were known to him at the time he gave his testimony.

Furthermore, the main cause of the tragic accident in the instant case was the failure of the appellant to stop at a stop sign, and not specifically the amount of speed with which he passed the same. There was evidence from which the jury could have determined that defendant was traveling at a high rate of speed. Such other evidence consisted of the testimony of Officer Van Houten, the first officer to arrive at the scene, who testified that he observed the right side of the vehicle driven by the victim, and the degree of its indentation. He made the further observation that appellant's vehicle had sustained damage to the front-end "A-frame" which extended beyond the bumper and radiator area. Officer William James testified that the victim's vehicle had a "U'd" appearance which indicated to him that the vehicle had been struck with a great amount of force. Dr. Bruce Barrick testified that based upon his autopsy, the decedent had died from injuries "consistent with high speed injury," and while he also testified on cross-examination that such injuries would be consistent with low-speed injuries, the pictures gave more credence to his "high speed" statement. In addition, the pictures of the

vehicles indicate high speed because of the extensive damage done to the vehicles. As was noted by the court in *Foreman v. Heinz,* 185 Kan. 715, 719, 347 P.2d 451 (1959), in discussing photographs admitted in that case, such photographs were "silent but conclusive proof of the fact that at the time of impact at least one of the cars was traveling at a high rate of speed." Another witness, Warren Hicks, observed that appellant ran a stop sign and this lends considerable support to the jury's finding that there was a material deviation by the appellant from the standard of care of a reasonable person.

Appellant next complains that the trial court abused its discretion in allowing late endorsement of five witnesses.

"The right of the state to endorse additional witnesses lies in the sound discretion of the trial court, and its ruling will not be disturbed in absence of a showing of abuse of discretion. The test is whether the defendant's rights have been prejudiced." *State v. White & Stewart,* 225 Kan. 87, Syl. ¶ 3, 587 P.2d 1259 (1978).

Here, the trial court arranged for defendant to have time to interview these witnesses who were endorsed the day of trial. Moreover, he stated to defense counsel that after defense counsel had visited with these witnesses that he would grant more time should defense counsel request it. Appellant's counsel agreed on the time stated for the interview with the witnesses, and did not thereafter request a continuance. He cannot now complain about failing to receive time which he did not ask for, especially in view of the trial court's offer to grant such time if requested. Moreover, two witnesses testified to minor matters, and the other witness, an expert, was known to the defendant a month before trial.

Appellant's final claim of error concerns the trial court's failure to instruct on lesser included offenses. Appellant claims that speeding, failure to yield right of way, failure to stop at a stop sign, and reckless driving, are lesser included offenses of vehicular homicide. Appellant's claim is without merit.

Instructions on lesser included offenses must be given when the other offenses are either lesser degrees of the same crime, or when all of the elements of the lesser crime are necessary to prove the greater. Obviously none of these crimes claimed by appellant to be "lesser included offenses" are lesser degrees of vehicular homicide. Furthermore, none of those offenses contain elements which are necessary elements of the greater crime of vehicular

homicide. As stated in *State v. Giddings,* 216 Kan. 14, Syl. ¶ 12, 531 P.2d 445 (1975):

"A crime may be said to be a lesser included offense where all of its elements are necessary elements of the greater crime which is charged."

In the instant case all of the offenses claimed to be lesser included offenses have elements which are not necessary elements of the crime of vehicular homicide. It is clear that a speeding violation is not necessary to prove vehicular homicide. It is further not necessary to prove a defendant failed to yield a right of way or failed to stop at a stop sign in order to prove vehicular homicide. Reckless driving requires willful or wanton disregard for the safety of others. These elements are not required to be proved in order to show a violation of the vehicular homicide statute. Appellant's assertion that these are lesser included offenses is unfounded.

Affirmed.