No. 40,597

GILLIE C. RUPE, *Appellee,* v. PHYLLIS MAURENE SMITH, and O. D. SMITH, Her Father and Natural Guardian, *Appellants.*

(313 P. 2d 293)

Opinion filed July 3, 1957.

*Robert M. Siefkin*, of Wichita, argued the cause and *George B. Powers, Carl T. Smith, John F. Eberhardt, Samuel E. Bartlett, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Richard C. Harris* and *Gerald Sawatzky*, all of Wichita, were with him on the briefs for the appellants.

*John Callahan*, of Wichita, argued the cause and *Dale Kidwell, George W. Ball*, and *Jack H. Greene*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: This is an appeal from an order overruling a demurrer to the petition in a wrongful death action.

Gillie C. Rupe, the plaintiff and appellee in this action, filed a suit for wrongful death against Phyllis Maurene Smith and O. D. Smith, her father and natural guardian, defendants and appellants herein.

After proper allegations on capacity to sue, the plaintiff alleged that the defendant Phyllis Maurene Smith is unmarried and under the age of 21 years and that on the thirteenth day of October, 1955, Margaret Sue Rupe, daughter of plaintiff, was killed while riding

in an automobile driven by defendant and owned by her father, O. D. Smith.

The petition then alleges as follows:

"4. That prior to her death, the deceased and the Defendant were close personal friends who shared their incomes and their pleasures. The deceased and the Defendant before and up to the time of deceased's demise put their individual incomes into a joint checking account in the Southwest National Bank in Wichita, Kansas. That from this joint account all expenses of both girls either individually or jointly were paid by check, or by cash taken from this account. That the expenses of operating the automobile in which deceased died were paid from these joint funds.

"5. That late in the evening of October 13, 1955, deceased was riding in the automobile driven and controlled by Defendant, which said automobile was owned by O. D. Smith. These two girls were enroute to Wichita, Kansas, on Kansas Highway No. 14 in Barber County at or near the town of Hazelton. That at this time, deceased was in the front seat with the defendant and was asleep. That when the automobile driven by the defendant reached a point on said highway about 1.4 miles east of said town of Hazelton on a level stretch of road, it was driven off the road by defendant into a concrete embankment, the severe impact of which caused the almost immediate death of the deceased. That the said automobile driven by Defendant was a 1950 Ford Coach which had no apparent defects. That the road on which the parties were driving was straight and visibility unlimited. Said road was black-topped, had a dry surface and had no defects. That Plaintiff has no knowledge as to how or why the fatal accident occurred."

The defendants moved the court to strike paragraph 4 for the reason that the allegations therein contained were incompetent and immaterial; and to make paragraph 5 definite and certain by setting forth with particularity the alleged act or acts of negligence.

The court overruled the motion to strike and to make definite and certain. The defendants then demurred generally to the petition and the court overruled the demurrer.

The single specification of error before this court is the order of the trial court overruling the defendants' demurrer to the plaintiff's petition.

The plaintiff brought this wrongful death action on the theory the decedent, Margaret Sue Rupe, was a "paying passenger" in the automobile driven by defendant, Phyllis Maurene Smith, and thus she was not a "guest" under the Kansas guest statute (G. S. 1949, 8-122b). The guest statute (G. S. 1949, 8-122b) provides:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, *without payment for such transportation,* shall have a cause of action for damages against such owner or operator for injury, death

or damage, unless such injury, death or damage shall have resulted from the *gross and wanton negligence* of the operator of such motor vehicle." (Italics ours.)

On this theory plaintiff alleges ordinary negligence and not gross and wanton negligence. In the allegations of negligence, plaintiff also invokes the doctrine of *res ipsa loquitur*. These allegations are in paragraph 5 of the petition.

The defendants contend that the decedent, Margaret Sue Rupe, was not a "paying passenger" but a "guest" under G. S. 1949, 8-122b, and as such plaintiff must plead gross and wanton negligence to escape the limitations of the statute. The defendants also contend that since the doctrine of *res ipsa loquitur* cannot be invoked to establish gross and wanton negligence it has no application to this case.

To substantiate the contention that the decedent was a guest without payment for such transportation, defendants submit that two recent decisions of this court should govern the disposition of their appeal. Defendants rely on *Bedenbender v. Walls*, 177 Kan. 531, 280 P. 2d 630; and *In re Estate of Dikeman*, 178 Kan. 188, 284 P. 2d 622. These are recent and leading cases under the guest statute.

In the Bedenbender case the plaintiffs and defendants were social and personal friends and often went on hunting excursions together, alternating in the use of their automobiles. They had an understanding and agreement to the effect that when they drove defendants' car the plaintiff husband would pay for gas, oil and meals for the four of them and vice versa. The parties decided to go on a pheasant hunting trip to Nebraska. It was mutually understood and agreed that they would adhere to their past agreement in the matter of paying expenses. They started out in defendants' car. At noon they stopped for lunch. Plaintiff husband paid for it. Later on they stopped for gas and plaintiff husband paid for it. Shortly thereafter the car was involved in a one car automobile collision. At the conclusion of plaintiffs' evidence the defendants' demurrer was sustained on the ground plaintiffs were "guests" and that since the evidence established only ordinary negligence they were precluded from recovery.

The court held:

"Under the guest statute (G. S. 1949, 8-122b) one who is transported by the owner or operator of a motor vehicle as his guest, 'without payment for

such transportation,' does not have a cause of action for damages against the owner or operator for injuries, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence on the part of such operator. (Syl. ¶ 1.)

.  .  .  .  .  .  .  .  .  .  .  .  .

"When the nature of the trip is purely for social purposes and mutual pleasure and enjoyment of the parties, payment of expenses, such as for gasoline, oil and meals, by the one being transported, does not constitute 'payment for such transportation' within the meaning of the statute." (Syl. ¶ 6.)

In the Dikeman case the facts were essentially as follows: Randal Dikeman, the appellant, and other persons were members of the Order of the Eastern Star, a fraternal organization, and as members of such Order they had been chosen as delegates and representatives of their local chapter to attend the Grand Chapter meeting in Topeka. In contemplation of the trip, appellant and Dikeman orally agreed that appellant would pay him a reasonable sum for transportation to Topeka and back from Pratt. Pursuant to this agreement, Dikeman transported appellant, along with others not here involved, to Topeka. The purpose of the trip was to attend the Grand Chapter meeting of the Order. While at the meeting, Dikeman, the appellant, and others accompanying them on the trip, discussed what each would pay Dikeman for transportation. They decided the amount should be fixed upon completion of the trip. Thereafter they left Topeka in Dikeman's automobile for the return to Pratt. An accident occurred at a railroad crossing near Pratt resulting in the death of Dikeman and his wife. The appellant suffered serious injuries and brought this suit against the estate of Dikeman. After disposing of motions to make definite and certain the district court sustained a demurrer to appellant's petition. Appeal was then taken on the demurrer.

The court said:

"Thus we come to the all decisive question in this case. Succinctly stated it is—under the facts, conditions and circumstances set forth in the petition, was appellant a guest within the meaning of the guest statute (G. S. 1949, 8-122b) as construed by our decisions? . . ." (p. 197.)

The court followed the Bedenbender case and held that while the Dikeman case could be distinguished from the Bedenbender case in some respects it could not be distinguished on the grounds that it was a business trip rather than a social trip; hence it was squarely within the decision of the Bedenbender case. The court held:

"Resort to the opinion in the foregoing decision and the record in the case at bar discloses only three material distinguishing features, one being procedural and the other two factual. As to the procedural feature it is to be noted we were there dealing with a demurrer to evidence and here a demurrer to the petition. This affords no ground for distinguishing the two cases for it must be conceded that if the facts pleaded by appellant in her petition come within the purview of the guest statute or preclude recovery because of its terms the question involved on a demurrer to that pleading would be no different than the one involved on a demurrer to her evidence. The first of the factual features mentioned springs from the fact that there the agreement in question called for pay by two of the persons being transported in an automobile for all expenses—in the nature of gasoline, oil and meals—incurred by the owner and operator of the automobile and his wife, while here the agreement relied on calls for the payment of a reasonable sum for transporting appellant. Again the difference affords no sound basis for distinguishing the cases. Our decisions (See *Sparks v. Getz*, 170 Kan. 287, 289, 225 P. 2d 106, and cases there cited) make no distinction in types of payment for transportation under the guest statute. Payment may be in money or compensation resulting in some other substantial benefit. The second of the two factual differences referred to arises from the nature of the trips involved. There the payment relied on was for transportation on a hunting trip. Here it is for transportation to a meeting of a fraternal organization. It cannot be denied this last feature presents some difference from a factual standpoint. But does that difference make the two cases distinguishable when it comes to application of the principles governing whether appellant was a guest in the Dikeman automobile?

". . . we believe the question last posed finds its answer in what is said at page 538 of the opinion in *Bedenbender v. Walls*, supra, . . .

"Having determined what is said and held in *Bedenbender v. Walls*, supra, is decisive of the sole question involved in this lawsuit we are constrained to conclude that under the facts as pleaded in the instant petition the trial court did not err in sustaining the demurrer to that pleading.

"In reaching the conclusion just announced we have not been unmindful of arguments advanced by appellant to the effect the Bedenbender case is distinguishable because an automobile trip to and from a lodge meeting is to be regarded as having business rather than social aspects. . . .'" (pp. 198, 199, 200.)

Before considering the point at hand, a rule of construction must be disposed of. Since a motion to make more definite and certain was filed and overruled as to paragraph 5 of the petition, appellants contend that the petition should be strictly construed.

We believe the petition comes under the rule of liberal construction for the reason that the court properly overruled the motion and paragraph 5 fairly apprised the appellants of appellee's claim and brought the petition within the rule of *Henderson v. National*

*Mutual Cas. Co.,* 164 Kan. 109, 187 P. 2d 508, which was cited with approval in *Noel v. McCaig,* 174 Kan. 677, 258 P. 2d 234, where the court said:

"The ultimate question, therefore, is whether material portions of petitions challenged by motions to make definite and certain fairly apprised defendants of the nature of plaintiffs' claim. If they did the motions were properly overruled and plaintiffs are entitled to have the third amended petition liberally construed in their favor . . ." (p. 112.)

Under this rule of construction we now consider the appellants' contentions in this case.

While analogous in many respects the allegations of paragraph 4 of plaintiff's petition are distinguishable from the Bedenbender and Dikeman cases. The point of distinction is simply that there is nothing in paragraph 4 or in the petition as a whole that the decedent, Margaret Sue Rupe, and the appellant, Phyllis Maurene Smith, were engaged in a "social enterprise." To the contrary, the allegations state that the parties shared their income and pleasures; they kept their money in a joint checking account and from this account paid all expenses in operating the automobile in which the decedent died.

The allegations are carefully drawn to show the parties were engaged in more than mere social enterprise for their mutual pleasure. The petition properly alleges the ultimate facts that the decedent was transported by the operator of the motor vehicle with payment for such transportation.

The allegations are good as against demurrer. The evidence may or may not vary from the allegations but on demurrer to a petition this court cannot indulge in premature and unwarranted inferences as to what the evidence will show. We cannot read into a petition something that is not there.

We hold the plaintiff's petition good as against demurrer under the guest statute. What now of the matter of negligence?

Under these circumstances it is only necessary to plead ordinary negligence. Since we are dealing with a "paying passenger" under the statute we are not concerned with gross and wanton negligence.

However, under the allegations of paragraph 5 of the petition we have an additional problem. Plaintiff alleges ordinary negligence and invokes the doctrine of *res ipsa loquitur.*

While the doctrine of *res ipsa loquitur* has been long recognized in this state the plaintiff concedes that it has not heretofore been

extended to an ordinary automobile negligence case. On the point, this is a case of first impression.

Under the allegations of paragraph 5 the plaintiff's theory of the application of *res ipsa loquitur* is simply that the decedent at the time of the accident was asleep in the front seat of the automobile which was driven by and under the control of the defendant; that there were no apparent defects in the car; the road was level, straight, black-topped and dry with no defects and unlimited visibility and that under these circumstances the defendant drove off the road and into a concrete embankment. The plaintiff had no knowledge how or why the fatal accident occurred and this knowledge lay only with the defendant.

Of course, *res ipsa loquitur* is simply a rule of evidence and the result of the application of the doctrine in a case such as this would shift the burden to the defendant of going forward with the evidence on the question of negligence.

The general doctrine of *res ipsa loquitur* has long been recognized in this state. One of the most recent cases was *Lamb v. Hartford Accident & Indemnity Co.*, 180 Kan. 157, 300 P. 2d 387. The court said:

"We have no difficulty with the doctrine of *res ipsa loquitur*. It is this: When a thing which causes injury without fault of the injured person is shown to be under the management and control of the defendant or his servants, and the injury is such as in the ordinary course of things does not occur if the one having such management or control uses proper care, it asserts reasonable evidence in the absence of an explanation, the injury arose from the defendant's want of care. (*Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 650, 249 Pac. 599; *Stroud v. Sinclair Refining Co.*, 144 Kan. 74, 76, 58 P. 2d 77; *Starks Food Markets, Inc. v. El Dorado Refining Co.*, 156 Kan. 577, 582, 134 P. 2d 1102; *Waddell v. Woods*, 158 Kan. 469, 148 P. 2d 1016; *Sipe v. Helgerson*, 159 Kan. 290, 291, 153 P. 2d 934; *Waterbury v. Riss & Company*, 169 Kan. 271, 288, 219 P. 2d 673; *Nichols v. Nold*, 174 Kan. 613, 621, 258 P. 2d 317; *Waddle v. Brodbeck*, 176 Kan. 583, 272 P. 2d 1066; Shain, Res Ipsa Loquitur, p. 1.)

"The doctrine of *res ipsa loquitur*, which means 'the thing speaks for itself,' is a rule of evidence and is not of substantive law. Cases dealing with the doctrine as a rule of evidence are authority on the question of pleading, and for a petition to be sufficient as against a demurrer, it must contain allegations of fact, which, if proved, would authorize application of the doctrine. (*Mayes v. Kansas City Power & Light Co.*, supra; *Stroud v. Sinclair Refining Co.*, supra; *Starks Food Markets, Inc., v. El Dorado Refining Co.*, supra; *Sipe v. Helgerson*, supra; 65 C. J. S. Negligence, § 220 [3], p. 993.)

"The difficulty courts often encounter is the application of the doctrine to the situation disclosed by the facts and circumstances alleged in the petition or

by the evidence adduced in the event of trial. It is settled in Kansas that the fact an injury occurs is not sufficient to establish liability; that negligence is never presumed but must be established by proof; that in cases where the doctrine is applicable and direct proof is lacking, proof is made, if at all, by circumstantial evidence: that is, proof of injury and of the circumstances surrounding its occurrence are such as to leave no reasonable conclusion to be drawn other than that the injury occurred because of defendant's want of care. (*Mayes v. Kansas City Power & Light Co.,* supra; *Starks Food Markets, Inc. v. El Dorado Refining Co.,* supra; *Sipe v. Helgerson,* supra; *Waddell v. Woods,* supra; *Nichols v. Nold,* supra; *Waddle v. Brodbeck,* supra; 38 Am. Jur. Negligence, § 300, p. 996; 65 C. J. S., Negligence, § 220 [8], p. 1014.) The doctrine is based in part on the consideration that where the management and control of the thing which produced the injury is vested in the defendant, it is within his power to produce evidence of the actual cause that produced the injury, which the plaintiff is unable to present. It is not the injury that permits application of the doctrine, but the manner and circumstances of the injury that justifies its application and the inference of negligence. The application of the doctrine presents principally the question of the sufficiency of circumstantial evidence, here, a reasonable conclusion, to establish or to justify the injury in inferring, the existence of the principal fact in issue, the defendant's negligence. The attending circumstances must warrant a reasonable conclusion that something other than defendant's negligence caused the injury to make the doctrine inapplicable. (*Truhlicka v. Beech Aircraft Corp.,* 162 Kan. 535, 178 P. 2d 252.)"

This court has previously allowed the doctrine to be invoked in cases against common carriers (*Clarke v. Cardinal Stage Lines,* 139 Kan. 280, 31 P. 2d 1; and *Misner v. Hawthorne,* 168 Kan. 279, 212 P. 2d 336).

In the Clarke case the court said:

"Where defendant's passenger bus was traveling in the daytime on a good road, and without known external cause broke down and injured the plaintiff, the character and circumstances of such an accident, being so clearly at variance with common experience, were sufficient to take the case to the jury under the rule of *res ipsa loquitur* and to place the burden on defendant to rebut the inference of negligence deducible therefrom." (Syl. 3.)

Likewise in the Misner case the court said:

"A passenger for hire upon a bus operated as a common carrier of passengers, injured when the bus was driven into the side of a bridge, who sued and relied upon the doctrine of *res ipsa loquitur* to establish negligence, cannot be defeated by the fact that the bus company did not have exclusive control of the bridge." (Syl. 2.)

While this court has never expressed its approval or disapproval of the application of the doctrine in an ordinary automobile negligence case, a great number of jurisdictions in this country hold the doctrine applicable, particularly as to passengers where an auto-

mobile leaves the traveled portion of the highway and causes injuries or damage. The general rule is stated by Cyclopedia of Automobile Law and Practice, Blashfield 9B, § 6049:

"If a guest's action is grounded upon a charge of ordinary negligence, it is inaccurate to say generally that the res ipsa loquitur doctrine does or does not apply. Since the unexplained conditions surrounding the accident, the exclusive control of the machine in the defendant, and the state of the pleadings, rather than the relation of the parties, constitutes the test, the same rules are followed in determining its application in a guest's action as in other tort actions. Applying the usual test, courts have given effect to the doctrine in such cases when the pleadings and surrounding circumstances justified it; and they have refused to recognize it in other guest cases.

"When an automobile and the operation thereof are exclusively within a host's control, and it is not reasonably within the power of the injured guest to prove the cause of the accident, which is one not commonly incident to the operation of the automobile, the occurrence itself, although unexplained, is prima facie evidence of the host's negligence. . . ."

The supreme court of the United States denied certiorari in *Lindsey v. Williams*, 260 S. W. 2d 472, 347 U. S. 904, 98 L. ed. 1063, 74 S. Ct. 428, where the doctrine was invoked by a guest in defendant's automobile. In that case the court said at page 475 of the reporter:

". . . The inferable negligence in this case is the loss of or failure to control the movement of the car; the striking of the tree is only an incident of that negligence. . . ."

The cases where the doctrine has been applied are annotated in 93 A. L. R. 1102 and 33 A. L. R. 2d 818.

The facts alleged in this case under paragraph 5 are very similar to those in the above authorities where the doctrine has been applied.

The fact that the decedent was asleep at the time of the accident is a much stronger factual situation than in many of the above cases. This court long ago held that a guest was not guilty of contributory negligence as a matter of law because he was asleep at the beginning of the mishap resulting in his injury (*Howse v. Weinrich*, 133 Kan. 132, 298 Pac. 766).

Restatement of the Law, Torts, § 495 comments on the general rule:

"Save in exceptional situations, a guest or passenger in a vehicle is not required to keep a constant lookout or to see to it that he shall be in a condition to do so. Thus, a plaintiff riding in the front seat may take his attention off the road to look at the scenery or may turn around to speak to a friend

in the back or he may go to sleep or read a book without being guilty of contributory negligence if the driver commits some negligent act which the plaintiff, had he been on the alert, might have had the opportunity to prevent. . . ."

Appellants object strenuously to the application of *res ipsa loquitur* in this case but argue the point only on the grounds that *res ipsa loquitur* cannot be invoked to establish gross negligence or willful misconduct. We have no quarrel on this point. The doctrine may not be so invoked but we are not dealing with gross and wanton negligence. We are dealing with ordinary negligence where the doctrine may be applied.

Following the Lamb case and the above general authorities we think the petition contains allegations of fact which, if proved, authorizes the application of the doctrine of *res ipsa loquitur*. The district court was correct in holding the petition good as against demurrer.

The judgment is affirmed.

PARKER, C. J., and PRICE and SCHROEDER, JJ., dissent.