No. 43,277

In the Matter of the Estate of Terry Storer, Deceased.  Maxine Voight, *et al., Appellees,* v. Clifton Storer, Administrator, *Appellant.*

(383 P. 2d 956)

Opinion filed July 10, 1963.

*A. W. Relihan, T. D. Relihan* and *Terry E. Relihan,* of Smith Center and *Dallas Cordill,* of Osborne, were on the briefs for the appellant.

*Geo. E. Teeple* and *Robert H. Meyer,* of Mankato, and *Lloyd C. Bloomer,* of Osborne, were on the brief for the appellees.

The opinion of the court was delivered by

Wertz, J.: This was an action for the recovery of damages for wrongful death. The plaintiffs (appellees), Maxine Voight and her four minor children, filed their demand for damages for the wrongful death of Darold Voight, husband and father, against the estate

of Terry Storer, deceased, defendant (appellant). The cause was removed to district court for trial.

No issue is raised respecting the pleadings. Suffice it to say the plaintiffs charge deceased Terry Storer with certain specified acts of negligence in the operation of his automobile that were the proximate cause of the death of plaintiffs' husband and father.

The administrator by way of answer denied the allegations of the petition and alleged plaintiffs' husband and father was guilty of certain acts of contributory negligence that were the proximate cause of his death.

A jury was waived and the case was tried to the court. The court found generally in favor of the plaintiffs and rendered judgment allowing plaintiffs' demand in the sum of $25,000 against the estate of Terry Storer, deceased.

From an order overruling defendant administrator's motion for a new trial, he has appealed.

The defendant administrator states that the principal question presented is whether the judgment is supported by substantial competent evidence. This requires a brief review of the testimony.

At the outset it may be stated there were no eyewitnesses to the accident, and it is admitted there is little, if any, dispute as to the known facts in the case. On the morning of March 1, 1960, about 8:15 a. m., Terry Storer and his sister Ann were on their way to school. Terry was driving a 1950 Chevrolet automobile on U. S. Highway 24, proceeding in an easterly direction. Darold Voight was driving a 1956 Ford pickup truck in a westerly direction on the north side of the mentioned highway. The driving portion of the highway in question was twenty-four feet wide, with an additional shoulder and a ditch on either side. The weather was cold, snow was falling, a light wind was blowing from the southeast, visibility was reduced to about one-half mile, and the highway surface was slick and covered with snow.

Highway trooper May testified in substance he investigated the collision about 8:25 a. m.; that upon his arrival at the scene he found Voight, the driver of the pickup truck, and Terry Storer, driver of the automobile, were dead and Ann Storer was critically injured; that the Ford pickup was facing in a southeasterly direction with the front end approximately four feet from the edge of the north side of the road and the back of the truck in the ditch; that the automobile driven by Storer was facing in a northerly

direction with the right front wheel across the center line and the left front wheel on the center line; that the collision occurred on the north half of the roadway, which he determined to be the point of collision by an actual view of the vehicles in the positions where they came to rest following the collision, by considering the damaged portions of the two vehicles and the amount of the overlap of the front ends of the two vehicles at the time of the collision, and by taking into consideration the debris, broken glass, oil and anti-freeze, and gouge marks in the pavement; that in his opinion no part of the truck was across the center line of the highway nor to the south of the center line at the time of the impact; and that no part of the Voight truck was ever on the south side of the highway.

The witness Barrett, an insurance adjuster who has spent seventeen years investigating accidents, testified that from his investigation he was of the opinion the collision ocurred on the north half of the road; that the gouge marks in the highway indicated the impact of the two vehicles occurred on the north side of the highway; and that the gouge marks were made by the vehicles at the time of the collision.

Witness Wooley testified he was a Ford dealer and was called to the scene of the collision with his wrecker, which he had operated for a number of years; that the Voight truck was partially off of the slab on the north side of the highway, just the front wheels on the slab; that the Storer automobile was further south and a bit east; that the gouge marks he observed were not made by him in removing the vehicles and nothing he did in removing the vehicles would account for the gouge marks.

Witness Paulson testified he came upon the scene of the collision and observed both vehicles prior to the time they were moved; that the back of the Voight pickup truck was off in the ditch and the front wheels were barely on the blacktop; that the Storer automobile was sitting facing north across the road and that part of that automobile was north of the center line of the highway.

No useful purpose would be gained in further detailing the evidence of the many witnesses who testified in this case. Suffice it to say there was ample evidence to show that Terry Storer at the time of the accident was driving with a portion of his automobile on the north side of the highway and that the point

of impact occurred on the north side of the highway in the lane in which Voight was driving. Viewing the mentioned evidence with other evidence and circumstances contained in the record in the light most favorable to plaintiffs as prevailing parties, we are of the opinion it was sufficient to sustain the trial court's judgment.

This court has consistently held that the physical facts and circumstances of a motor vehicle collision may be sufficiently clear to enable the trier or triers of fact to form a judgment of how the collision occurred and who was at fault, although there were no eyewitnesses to the collision. (*Sawhill v. Casualty Reciprocal Exchange*, 152 Kan. 735, 107 P. 2d 770; *Briggs v. Burk*, 174 Kan. 440, 257 P. 2d 164.) In proving negligence by circumstantial evidence, the law requires that the facts and circumstances proved, together with all inferences that may be reasonably drawn therefrom, indicate with reasonable certainty the negligent act complained of, and the plaintiff is not required to eliminate, by proof, all possibility that the accident may have happened otherwise in order to present a question for the jury, or the trial court in the absence of a trial by jury. Where the circumstances proved show with reasonable certainty that the impact of two vehicles involved in an accident occurred while defendant was driving left of the center of the highway, the evidence is sufficient to go to the jury, or to the court in the absence of a jury, on the question of defendant's negligence. (*Briggs v. Burk*, supra, p. 452; *McAlexander v. Estate of Lewis*, 167 Neb. 524, 93 N. W. 2d 632, 77 A. L. R. 2d 575. See, also, Annotation, p. 580, *et seq.*) The record is devoid of any evidence of contributory negligence on the part of Voight.

This court is committed to the rule that driving a motor vehicle on the left-hand or wrong side of the highway in violation of G. S. 1961 Supp., 8-537, except under the circumstances provided in G. S. 1949, 8-538 and 8-540, proximately resulting in a collision with an oncoming motor vehicle on its right-hand side of the highway, is actionable negligence. (*Beecher v. Stepanian*, 170 Kan. 201, 224 P. 2d 1017; *Banbery v. Lewis,* 173 Kan. 59, 65, 66, 244 P. 2d 202.)

Defendant administrator also contends the court erred in the admission of the testimony of Mr. Barrett who was interrogated with reference to the gouge marks in the pavement at the point

of the collision. The witness was asked if he had an opinion as to whether or not the gouge marks in the pavement were caused by the accident, to which he answered that in his opinion the gouge marks were caused by the cars colliding. This witness had been qualified by some seventeen years of experience in investigating accidents and collisions. In *Riley v. Holcomb*, 187 Kan. 711, 716, 717, 359 P. 2d 849, this court held: ". . . where a proper foundation is laid, a witness qualified as an expert may give his opinion based upon the length of skid marks, location of wrecked vehicles, damage to vehicles and independent tests, as to the speed of an automobile involved in an accident, the weight to be given such evidence, of course, being a matter for the jury to determine (*Cherry v. State Automobile Insurance Association*, 181 Kan. 205, 310 P. 2d 907; *Foreman v. Heinz*, 185 Kan. 715, 347 P. 2d 451; *Johnson, Administrator v. Huskey*, 186 Kan. 282, 350 P. 2d 14)." A review of the witness' testimony does not disclose that the trial court erred in its admission.

The physical facts and circumstances in the instant case were sufficient for the trial court to have found that the impact of the two automobiles occurred on the north side of the center line of the highway; that Terry Storer negligently operated his automobile on the north side of the center line of the highway while proceeding in an easterly direction, and on that portion of the highway on which Voight was rightfully proceeding west; and that Storer's negligence in operating his automobile under such circumstances was the proximate cause of Voight's death. We necessarily conclude that the evidence was sufficient to sustain the trial court's judgment, and the case is affirmed on authority of *Sawhill v. Casualty Reciprocal Exchange*, supra, and *Briggs v. Burk*, supra.