No. 44,808

JAMES M. WILSON, a Minor by and through BLANCHE WILSON, his mother and next friend, *Appellant*, v. WILLIAM H. RUSHTON, *Appellee*.

(433 P. 2d 444)

Opinion filed November 13, 1967.

*Evart Mills*, of McPherson, argued the cause, and *Michael T. Mills*, of McPherson, was with him on the brief for the appellant.

*Philip Kassebaum*, of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt, John E. Rees, Robert T. Cornwell, Willard B. Thompson, David W. Buxton, John T. Conlee, John Prather*, and *Richard I. Stephenson*, all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This action is brought by the plaintiff, James M. Wilson, to recover for injuries received when the car in which he was riding, and which was driven by the defendant, William H.

Rushton, crashed against a guardrail on U. S. Highway I-70 immediately east of the K-99 overpass. At the conclusion of plaintiff's evidence the trial court sustained the defendant's motion for a directed verdict and the plaintiff has appealed. We shall refer to the parties as plaintiff, or Wilson, and defendant, or Rushton.

Both plaintiff and defendant, at the time of the accident, were students at Kansas State University and were members of the Sigma Chi fraternity. The plaintiff's evidence showed the following: On Friday noon, February 5, 1965, the two young men were lunching at the same fraternal table when the defendant asked someone at the table if he wanted to go to Kansas City that weekend. Upon hearing this question, the plaintiff asked if Rushton was going to Kansas City and defendant replied he was and asked if plaintiff wanted to go along and share expenses. Ensuing conversations resulted in plans for both of them to go to Kansas City that afternoon, where Wilson planned to see his girl, to whom he was "lavaliered," and Rushton wanted to see a girl he had dated.

On the way to the big city the defendant told plaintiff he was going to stay with his sister and invited the plaintiff to stay there, too. The plaintiff accepted this hospitable invitation, although he had originally planned to stay at Jan's, his "lavalier." The defendant furnished the gas going into Kansas City while the plaintiff paid the major part of the turnpike toll at the Kansas City exit. That evening the boys dated together and spent the night at the home of Rushton's sister. The following day and evening the boys and their respective girls were together, and the boys spent the night with Rushton's grandparents. On Sunday, after brunching with the grandparents, the boys began their homeward trek, after the plaintiff had purchased some gas for Rushton's car.

Rushton paid the turnpike fee at the Topeka interchange and a stop was made in the capital city to purchase two candy bars and to interchange the windshield wipers because it was drizzling and the wiper on the driver's side was not working well. The plaintiff fell asleep after leaving Topeka, and the first thing he remembered was the defendant saying "Look out, Jim." At this time, Wilson glimpsed a car on the right hand side and a little in front of them. Rushton's car was already turning and Rushton was turning the wheel to stop the skid, but was unable to control it, and the car

crashed into the guardrail along the south side of the west bound lanes, with the front end of the car headed back toward the east. The right hand door of the car was pushed inward into the car and against the plaintiff, who sustained a badly fractured right leg with resulting permanent disability.

The plaintiff testified that his discovery deposition was taken two weeks before the trial, wherein he had deposed that in February Rushton visited him in the hospital and said that he, Rushton, had tried to pass another car and had changed lanes and was pulling up on it when he lost control and his car started to turn and slid off the road and that "it turned ice real quick, that there had been a glaze form on the road." Wilson also testified he had not known of ice on the roadway until the accident occurred; that as he stepped out of the car onto the ground the surface was wet and slick; that he was sent to Salina by ambulance; that the roadway was terribly slick, and it took quite awhile to get from Manhattan to Salina. There was further testimony by the plaintiff that Rushton was a good and consistent driver.

At the conclusion of the plaintiff's evidence the defendant filed a motion for a directed verdict "for the reasons that plaintiff failed to establish that defendant was guilty of negligence or that plaintiff was a passenger for hire under K. S. A. 8-122b." The court found the motion should be sustained on both grounds and directed a verdict in the defendant's favor.

The points before us in this appeal, as phrased by the plaintiff, are whether the trial court erred in holding as a matter of law; (1) that plaintiff was a guest, and (2) the defendant was free from negligence. It is vigorously contended that both issues should have been submitted to a jury, and that the court erred in directing a verdict.

Our attention will be directed first to whether there was sufficient evidence of negligence on the part of the defendant to go to the jury, for we believe the answer to that question will be decisive of this appeal.

In approaching the question, we are mindful of our rule that in reviewing the propriety of an order sustaining a motion for a directed verdict, we are required to resolve all facts and the inferences reasonably to be drawn therefrom in favor of the party against whom the ruling is sought. (*Weber v. Wilson*, 187 Kan. 214, 216, 356 P. 2d 659; *Lackey v. Price*, 190 Kan. 648, 657, 378 P. 2d 19.)

In supporting his contention that the issue of defendant's negligence should have been submitted to the jury, the plaintiff relies, in his brief and oral argument, on the doctrine of *res ipsa loquitur*, citing *Rupe v. Smith*, 181 Kan. 606, 313 P. 2d 293 and 8 Am. Jur. 2d, Automobiles and Highway Traffic, §916, p. 463. He states: "The issue of negligence should have been submitted to the jury under instruction No. 15.30 of Pattern Instruction Kansas." The instruction referred to relates to the doctrine of *res ipsa loquitur* and is found in PIK, p. 445.

The defendant insists that the plaintiff did not plead nor did he rely on the doctrine of *res ipsa loquitur* at the trial and, furthermore, that this theory was not presented to the trial court. Accordingly, he argues the doctrine is not available to the plaintiff on appeal.

The record is barren as to whether the defendant relied on the doctrine of *res ipsa loquitur* at the trial or ever presented it to the trial court. In the absence of any showing in regard thereto, we are not prepared to say that plaintiff may not raise the point here.

It appears to us that the allegations of negligence contained in plaintiff's petition were sufficiently broad to permit plaintiff to proceed on the theory of *res ipsa loquitur*, provided, under the established facts, the doctrine was applicable. The allegations as to negligence read as follows:

"On Sunday, February 7, 1965, at about 5:30 P. M. and on the return trip to Manhattan, Kansas, the defendant negligently operated and maintained his automobile in such manner that while traveling west on Highway I-70 at a place just east of the K-99 overpass bridge, the defendant caused or permitted said automobile to spin around and slide backwards in a westerly direction on the south side of Highway I-70 in such manner that the south guard rail along said highway entered the right side of said automobile and caused severe personal injuries to the plaintiff, who was then asleep in the right front seat and had been asleep for some time prior to the accident."

These allegations of negligence are general, not specific, in their nature. No specific acts of negligence were set out in the petition which would preclude application of the rule of *res ipsa loquitur*, as was the case in *Byland v. Powder Co.*, 93 Kan 288, 144 Pac 251. Rather, we view the instant petition as comparable, in content, to those considered by us in *Woods v. Kansas City, K. V. & W. Rld. Co.*, 134 Kan. 755, 8 P. 2d 404, and in *Primm v. Kansas Power & Light Co.*, 173 Kan. 443, 249 P. 2d 647. In neither of those cases had the respective plaintiffs pleaded such specific acts of negligence as would remove them from the operation of the rule. We are of

the opinion that plaintiff is not precluded from basing his appeal, so far as negligence is concerned, on *res ipsa loquitur*.

This conclusion does not, of course, dispose of the question of whether the doctrine was applicable under the facts shown of record. This court, as is true with a great many courts of this country, has extended the doctrine of *res ipsa loquitur* to an ordinary automobile negligence case. In *Rupe v. Smith*, supra, we held:

"A petition in an ordinary automobile negligence case may contain allegations of fact which, if proved, authorizes the application of the doctrine of *res ipsa loquitur*. The same rules are followed in determining its application as are followed in other tort cases. (Syl. 2.)

In Rupe, the plaintiff sought to recover for the wrongful death of his decedent. The petition alleged, in substance, that at the time of the fatal accident the plaintiff was asleep in the front seat of an automobile driven by and under the control of the defendant; that the car had no apparent defects; that the road was level, straight, black topped, dry of surface, with no defects and with unlimited visibility; that under these conditions the defendant drove the car off the road and into a concrete embankment; that the plaintiff had no knowledge of how or why the fatal accident occurred. This court held that the allegations, if proved, would authorize application of the doctrine of *res ipsa loquitur*.

There is marked dissimilarity between the facts alleged in Rupe and the facts shown by plaintiff's evidence in this case. For this reason we believe that our decision in Rupe is not controlling here.

A great deal has been said by many courts on the general subject of *res ipsa loquitur*, including the principles which govern its application, and there is little that need be added here. The rule is not one of substantive law, but one of evidence, and its applicability in any given case depends upon the particular circumstances which are shown to exist. It is well to remember, when attempting to bring a negligence action within the embrace of the *res ipsa loquitur* doctrine, that it is not the injury itself which justifies its application, but the attendant circumstances.

In *Lamb v. Hartford Accident & Indemnity Co.*, 180 Kan. 157, 161, 300 P. 2d 387, this court said:

". . . It is settled in Kansas that the fact an injury occurs is not sufficient to establish liability; that negligence is never presumed but must be established by proof; that in cases where the doctrine is applicable and direct proof is lacking, proof is made, if at all, by circumstantial evidence: that is, proof of injury and of the circumstances surrounding its occurrence are such as to leave

no reasonable conclusion to be drawn other than that the injury occurred because of defendant's want of care. (*Mayes v. Kansas City Power & Light Co.,* supra; *Starks Food Markets, Inc. v. El Dorado Refining Co.,* supra; *Sipe v. Helgerson,* supra; *Waddell v. Woods,* supra; *Nichols v. Nold,* supra; *Waddle v. Brodbeck,* supra; 38 Am. Jur. Negligence, §300, p. 996; 65 C. J. S., Negligence, §220 [8], p. 1014.) . . ."

In viewing the totality of the circumstances surrounding this case it becomes apparent that the defendant was suddenly confronted with an icy condition on the highway and that his car went into a skid, despite efforts to control it. The general rule applicable to a situation of this kind is set out in 8 Am. Jur. 2d, Automobiles and Highway Traffic, §929, pp. 477-478:

"It is generally held that the mere fact that a motor vehicle skids on a slippery pavement does not of itself constitute such evidence of negligence upon the driver's part as to render the doctrine of res ipsa loquitur applicable. Skidding is not generally an occurrence of such uncommon or unusual character that, unexplained, it furnishes evidence of the motorist's negligence. However, the doctrine is applicable where the circumstances are such as to give rise to an inference of negligence on the part of the driver of the skidding vehicle."

A statement to similar effect is found in an annotation in 58 A. L. R., Automobiles—Skidding, p. 269:

"It has been generally held that the mere fact that an automobile skids on a slippery pavement does not of itself constitute evidence of negligence upon the driver's part so as to render the res ipsa loquitur doctrine applicable."

The Wisconsin Court in *Linden v. Miller,* 172 Wis. 20, 177 N. W. 909, 12 A. L. R. 665 said:

". . . In order to make the doctrine of *res ipsa loquitur* apply it must be held that skidding itself implies negligence. This it does not do. It is a well known physical fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there. . . ." (p. 22.)

In *Christ v. Wempe,* 219 Md. 627, 150 A. 2d 918, it was stated:

"The majority of courts hold that the mere fact that a vehicle skids or slides on a slippery highway does not of itself constitute evidence of negligence and that in such cases the doctrine of res ipsa loquitur does not apply." (p. 635.)

See, also, *Davis v. Sparkman,* ____ Tenn. ____, 396 S. W. 2d 91, and *McCracken v. Curwensville Borough,* 309 Pa. 98, 163 A. 217, 86 A. L. R. 1379; *Brown v. Mulready,* 140 Neb. 500, 300 N. W. 421.

We cannot say the circumstances shown present in this case are sufficient to give rise to an inference of negligence on the part of the defendant driver. The statement made by Rushton, which the evidence shows was made the latter part of February, was that the

roadway had turned to ice real quick, and there is nothing in the evidence of record to indicate otherwise. We need not speculate what inferences might reasonably have been drawn had the defendant been driving on slippery highways known to be icy.

In our opinion it cannot be said the trial court erred in concluding that there was insufficient evidence of negligence to be submitted to a jury and in directing a verdict on such ground. Because of our conclusion in this regard we find it unnecessary to discuss whether or not the evidence showed plaintiff to be a guest within the purview of K. S. A. 8-122b.

The judgment is affirmed.

SCHROEDER, J., not participating.