NOT DESIGNATED FOR PUBLICATION

No. 114,374

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

OPHELIA M. BLACKWELL,
*Appellant*,

v.

KATHY GORRELL,
*Appellee*.


MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed September 16, 2016. Reversed and remanded.

*David P. Troup*, of Weary Davis, L.C., of Junction City, for appellant.

*Stephen H. Netherton*, of Hite, Fanning & Honeyman L.L.P., of Wichita, for appellee.


Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

*Per Curiam*:  This is a summary judgment case involving the personal injury action of Ophelia Blackwell. Blackwell sued Kathy Gorrell for negligently allowing her car to cross the center line of a highway on a winter day in February. When Gorrell's car crossed the center line of the highway, her car collided head-on with Blackwell's car. Gorrell later moved for summary judgment. Gorrell alleged that Blackwell had failed to produce sufficient evidence that Gorrell's actions in crossing the center line of the highway negligently caused the collision. The trial court granted Gorrell's motion for summary judgment.

1

On appeal, Blackwell contends that the trial court erred when it granted Gorrell's motion for summary judgment. This issue raises two ancillary questions: (1) Did Gorrell owe a duty to Blackwell to keep her car from crossing the center line of the highway in violation of K.S.A. 8-1514(a); and (2) Did Blackwell present sufficient evidence that Gorrell's negligence was the proximate cause of her injuries, thus requiring a jury to determine what inference was to be drawn from this evidence?  Finding merit in Blackwell's contentions, we reverse and remand for trial.

At about 9:30 a.m. on February 13, 2012, Blackwell was driving her Ford Explorer eastbound on U.S. Highway 50, west of Emporia, when a Toyota Corolla, driving in the opposite direction by Kathy Gorrell suddenly veered into Blackwell's lane, causing a head-on collision. As a result of the accident, Blackwell suffered several injuries, including multiple contusions and a fractured foot. When the accident happened, snow covered the ground and some icy slush was on the lanes in which the cars had been travelling. The portion of the highway on which the accident occurred had four undivided lanes—two lanes each travelling in opposite directions. Because of the weather condition, the vehicles using the highway—including Blackwell's and Gorrell's cars—were traveling on only the inner two lanes.

Blackwell sued Gorrell, alleging that Gorrell had negligently operated her Toyota Corolla by allowing it to cross the center line and cause the collision. Blackwell also contended that she had suffered damages, including past and future pain and suffering, disability, medical expenses, loss of income, loss of enjoyment of life, as well as her husband's loss of consortium. Gorrell filed an answer, denying that she had negligently operated her vehicle.

During Gorrell's deposition, Gorrell stated that she had been traveling south on Interstate 35 before the accident and that about 15 minutes before the accident, she had turned onto Highway 50 to drive towards Newton. Gorrell recalled that it had snowed

2

that morning and that it was snowing when the accident occurred. To that end, she observed that Highway 50 seemed "more slippery" than Interstate 35. Gorrell also stated that when the accident happened, she had been traveling behind a semi-tractor trailer at about 40 miles per hour. She had not noticed any snowplows or trucks, but she may have seen another car in the ditch. When asked about her specific recollection about the collision and the preceding events, she simply stated that she remembered her car "very quick[ly]" crossing the median and colliding with Blackwell's SUV. Gorrell stated that it happened so fast that "there was not any time to do anything."

Before Gorrell's deposition, Blackwell was deposed. Blackwell acknowledged that she had had to use her windshield wipers that morning to remove the "slush or moisture spray" thrown onto her windshield from other cars on the road. When asked to explain the collision, Blackwell stated that it happened so fast that she "didn't see anything except for the red car coming in my lane and I mean, it was so fast you couldn't do anything and then I was just like oh, okay. It went black and then I was, I guess, in a field somewhere."

Gorrell moved for summary judgment. She attached a memorandum in support of her motion, arguing that Blackwell lacked the necessary evidence to show that Gorrell had breached her duty of care. Blackwell filed a response, claiming that the issue of whether Gorrell was negligent was a matter for the trier of fact. After Gorrell filed a reply to Blackwell's response, the trial court held a pretrial conference and hearing on Gorrell's summary judgment motion. After hearing the parties' arguments, the trial court took the matter under advisement.

The trial court later entered a memorandum decision granting Gorrell's motion for summary judgment. Initially, the trial court made the following findings of fact:

"1. On February 13, 2012, at around 9:30 a.m. the plaintiff was driving east on Highway 50 near Emporia.

3

"2. At the same time, Defendant was driving west on Highway 50 near Emporia.

"3. There was snow on the ground and there may have been ice or slush on the road. Photos show that at a minimum the road was wet with patches of slush.

"4. There was steady traffic on the road at the time of the accident.

"5. At the point the accident occurred, Highway 50 does not have a median separating the eastbound lanes from the westbound lanes.

"6. The defendant recalls her car sliding and cross[ing] the center line.

"7. The defendant did not have time to 'do anything'.

"8. Likewise, the plaintiff did not have time to do anything after seeing the defendant's car cross the center line.

"9. There are no facts showing what, if any actions, taken by the defendant caused her vehicle to cross the center line.

"10. The defendant was not passing any cars that were moving in her same direction.

"11. The defendant stated her car crossed the center line and struck the plaintiff's vehicle head-on.

"12. The defendant remembers her car sliding but does not know how it slid.

"13. Highway 50 was worse than [Interstate] 35. Traffic was steady. Highway 50 seemed more slippery than I-35.

"14. Other vehicles did not seem to have any problems maintaining the proper lane, but the defendant may have passed another vehicle in the ditch.

"15. Defendant claims there was snow on the road. Plaintiff testified that while there was snow on the ground there was none on the road but there may have been ice or slush on the road."

The trial court ruled that because the only evidence of negligence was that Gorrell "slid or skidded" across the center line and that because there was no evidence to show that it occurred because of any action, negligence, or intentional conduct by the defendant, no reasonable person could find that Gorrell was negligent. The trial court further ruled that negligence per se was inapplicable because Blackwell had failed to plead it and because "the mere skidding of a motor vehicle" in the absence of evidence of

4

the driver's carelessness was insufficient to constitute negligence per se. Blackwell filed a timely notice of appeal.

*Did the District Court Err by Granting Gorrell's Motion for Summary Judgment?*

*Standard of Review*

The standard of review on summary judgment is well-established:

"'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.'" *Fawcett v. Oil Producers, Inc. of Kansas*, 302 Kan. 350, 358-59, 352 P.3d 1032 (2015) (quoting *Shamberg, Johnson & Bergman, Chtd. v. Oliver,* 289 Kan. 891, 900, 220 P.3d 333 [2009]).

Whether a legal duty exits is a question of law for the court rather than a fact issue for the jury. *Berry v. National Medical Services, Inc.,* 292 Kan. 917, 920, 257 P.3d 287 (2011). In *Berry*, the court explained that a legal duty supporting a negligence claim requires that "the probability of harm be foreseeable." 292 Kan. at 920. Similarly, the court has said that "[the] duty of care is intertwined with the foreseeability of harm." *Shirley v. Glass*, 297 Kan. 888, 900, 308 P.3d 1 (2013).

Appellate courts have unlimited review of questions of law. *Thomas v. Board of Shawnee County Comm'rs,* 293 Kan. 208, 220-21, 262 P.3d 336 (2011). If the court finds that a duty exists, however, whether a party has breached a duty is generally a question of fact, unless the controlling facts are not disputed, in which case the question becomes one for the court. *Irvin v. Smith*, 272 Kan. 112, 122, 31 P.3d 934 (2001). When there is no factual dispute, appellate review of an order regarding summary judgment is de novo. *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013).

*Did Gorrell Owe a Duty to Blackwell to Keep Her Car From Crossing the Center Line of the Highway in Violation of K.S.A. 8-1514(a)?*

In a negligence action, a plaintiff carries the burden of proving four elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) causation between the breach of the duty and injury to the plaintiff; and (4) damages suffered by the plaintiff. *Shirley,* 297 Kan. 888, Syl. ¶ 4. Negligence is the lack of ordinary care. More precisely, it is the failure of a person to do something that a reasonably careful person would do or the act of a person in doing something that a reasonably careful person would not do, measured by all the circumstances at the time. *Deal v. Bowman*, 286 Kan. 853, 858, 188 P.3d 941 (2008). Similarly, an automobile driver generally owes the duty to act as would a reasonably prudent driver. *Siruta v. Siruta*, 301 Kan. 757, 766, 348 P.3d 549 (2015). Negligence is never presumed, and it may not be "established by conjecture, surmise, or speculation[;]" the burden is on the plaintiff to prove it by substantial competent evidence. *Yount v. Deibert,* 282 Kan. 619, 624, 147 P.3d 1065 (2006).

Because the "'vast majority'" of negligence cases are a factual determination for the jury rather than a question of law for the court, courts should grant summary judgment in such cases "'with caution.'" *Siruta*, 301 Kan. at 767 (quoting *Deal,* 286 Kan. at 858 and *Fettke v. City of Wichita*, 264 Kan. 629, 632, 957 P.2d 409 [1998]). Thus, summary judgment in a negligence action is generally proper only if the questions

6

presented are questions of law. *Sall v. T's, Inc.*, 281 Kan. 1355, Syl. ¶ 2, 136 P.3d 471 (2006).

Although much of the parties' argument on appeal relates to whether a violation of K.S.A. 8-1514(a) is negligence *per se*, the decision of this case is not dependent on a definitive answer on this point. Moreover, we do not need to answer this question because Blackwell failed to plead negligence *per se*. See *Shirley*, 297 Kan. at 894.

The traffic-safety statute at issue in this appeal provides that all vehicles "shall be driven upon the right half of the roadway." K.S.A. 8-1514(a). The statute also contains four exceptions that generally permit people to drive on the left side of the road: when passing another vehicle; when an obstruction exists making it necessary to do so; when driving on a one-way street; and when driving on a 3-lane road. K.S.A. 8-1514(a)(1)-(4). In its memorandum decision, the trial court tried to determine whether Gorrell violated the statute by analyzing whether she intentionally "drove" across the center line as opposed to "slid or skidded." As a result, the parties have devoted a large portion of their briefs to arguing the same point.

Our Supreme Court has stated that a violation of K.S.A. 8-1514(a), like other traffic statutes, is an absolute liability offense. *State v. Hopper*, 260 Kan. 66, 71-72, 917 P.2d 872 (1996). Consequently, the driver's intent in crossing the center line is immaterial because the only proof required to convict an individual of an absolute liability offense is that the individual engaged in the prohibited conduct. 260 Kan. at 70; see *State v. McGregor*, No. 107,855, 2013 WL 1010590, at *3 (Kan. App. 2013) (unpublished opinion) ("[T]o cross the center line in the context of K.S.A. 8-1514 means to move into the oncoming lane of traffic."). In addition, the court in *Hopper* held that the court could not create a hazardous weather exception to justify driving on the left side of the road when the statute already supplied four exceptions:

"We find no basis for judicially adding a 'road or weather conditions' exception to the four statutory exceptions for violation of K.S.A. 8-1514(a). Were we to do so, a driver would be justified in driving on the wrong side of the road any time the road conditions are icy or weather has obscured the center line." 260 Kan. at 72.

Because the record shows that none of the applicable exceptions existed in this case, we determine that Gorrell violated K.S.A. 8-1514(a) by crossing the center line. See *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 275, 261 P.3d 943 (2011) ("[I]n a motor vehicle collision case, running a stop sign amounts to a breach of duty or negligence."); PIK Civ. 4th 121.01 (2010 Supp.) ("Reasonable care requires all persons who use the streets and highways to obey the rules of the road. You must decide from the evidence whether any of the following rules apply in this case and whether any rules have been violated. The violation of any of these rules is negligence."); see also *Sterba v. Jay*, 249 Kan. 270, 276-77, 816 P.2d 379 (1991).

Our Supreme Court in *Shirley* also explained that to use a statute to serve as the duty of care, a plaintiff must show that the statute's purpose includes protecting the plaintiff against the kind of harm that the plaintiff suffered as a result of the violation of the statutory obligation. *Shirley*, 297 Kan. at 895-96. In the present case, it is reasonable to conclude that K.S.A. 8-1514(a) is intended to protect the citizens of this state from the type of harm that occurred in this instance—a head-on collision. Thus, we determine that Gorrell owed a duty to Blackwell to maintain control of her car and remain on the right side of the road.

*Did Blackwell Present Sufficient Evidence that Gorrell's Negligence was the Proximate Cause of Blackwell's Injuries, Thus Requiring a Jury to Determine What Inference was to be Drawn From This Evidence?*

As stated earlier, a plaintiff must show some negligence of the defendant which caused the injury. That is to say, the breach of duty must be the actual and proximate cause of the injury. *Davey v. Hedden*, 260 Kan. 413, 426, 920 P.2d 420 (1996). When determining actual cause, a negligent act cannot be the cause unless the injury would not have happened but for that negligence. See *Hallett v. Stone*, 216 Kan. 568, 573, 534 P.2d 232 (1975).

Proximate cause is a cause that "'in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act.'" *Drouhard-Nordhus v. Rosenquist*, 301 Kan. 618, 623, 345 P.3d 281 (2015) (quoting *Puckett v. Mt. Carmel Regional Medical Center,* 290 Kan. 406, 420, 228 P.3d 1048 [2010]). Whether the defendant's conduct is the proximate cause of a plaintiff's injuries is usually a question of fact for the jury. "However, where the facts are such that they are susceptible to only one inference, the question is one of law and may be disposed of by the court when the plaintiff has failed to establish the necessary burden of proof." *Davey*, 260 Kan. at 426. Because the trial court disposed of this issue on summary judgment, we exercise unlimited review over it.

Blackwell maintains that Gorrell's breach was the proximate cause of her injuries. Gorrell disagrees, contending that Blackwell has failed to come forward with evidence that her injuries were the result of any action or inaction on Gorrell's part. Since there is very little caselaw involving this fact pattern in Kansas, both parties rely heavily on cases decided outside this jurisdiction. Likewise, the trial court looked to a few older Kansas Supreme Court cases and a 1958 Missouri Court of Appeals decision. What follows is a

brief summary of the relevant cases and a discussion of how they fit into the larger discussion of causation.

In *Wilson v. Rushton*, 199 Kan. 659, 433 P.2d 444 (1967), a vehicle passenger sought damages from a driver after the driver attempted to pass another vehicle on a drizzly February day and the road suddenly turned icy, causing the driver to lose control and wreck. At trial, the trial court granted the driver's motion for a directed verdict at the close of the plaintiff's evidence, ruling that there was insufficient evidence for the jury to find the driver liable for negligence. On appeal, the passenger claimed that the trial court should have allowed the jury to consider his claim under the theory of res ipsa loquitur.

Our Supreme Court compared the facts of that case to *Rupe v. Smith*, 181 Kan. 606, 313 P.2d 293 (1957), in which a driver drove a vehicle off the road into a concrete embankment, killing a passenger. The only circumstances for the jury to consider in *Rupe* were that the car had no apparent defects; that the driver had unlimited visibility; and that the road was paved, level, straight, and dry. The plaintiff did not know why the accident occurred. The court, in that case, ruled that the allegations, if proved, would allow the case to be submitted on the doctrine of res ipsa loquitur. Nevertheless, our Supreme Court in *Wilson* stated that there was "marked dissimilarity between the facts alleged in *Rupe* and the facts shown by [the passenger's] evidence in this case." 199 Kan. at 663. Our Supreme Court instead believed that the driver "was suddenly confronted with an icy condition on the highway and that his car went into a skid, despite efforts to control it." 199 Kan. at 664. It noted that the "general rule applicable to a situation of this kind is" as follows:

> "'[T]he mere fact that a motor vehicle skids on a slippery pavement does not of itself constitute such evidence of negligence upon the driver's part as to render the doctrine of res ipsa loquitor applicable. Skidding is not generally an occurrence of such uncommon or unusual character that, unexplained, it furnishes evidence of the motorist's negligence.

10

However, the doctrine is applicable where the circumstances are such as to give rise to an inference of negligence on the part of the driver of the skidding vehicle.'" 199 Kan. at 664 (quoting 8 Am. Jur. 2d, Automobiles And Highway Traffic § 929, pp. 477-78).

Our Supreme Court also cited a Wisconsin Supreme Court, which stated that under such circumstances, res ipsa loquitur is inapplicable because "'[i]t is a well-known physical fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on the account of its being there.'" 199 Kan. at 664 (quoting *Linden v. Miller*, 172 Wis. 20, 177 N.W. 909 [1920]). As a result, our Supreme Court ruled in *Wilson* that there was insufficient evidence to give rise to an inference of negligence because the only evidence in the record was that the road quickly turned icy on a drizzly February day. 199 Kan. at 664-65.

Four years before *Wilson*, our Supreme Court was confronted with another automobile negligence case in *In re Estate of Storer*, 191 Kan. 645, 383 P.2d 956 (1963). In this case, two drivers who were travelling in opposite directions on a snow-covered two lane highway collided, killing both drivers and critically injuring a passenger in the defendant's vehicle. The family of one of the deceased drivers sued the estate of the other driver, and the case proceeded to a bench trial. Because there were no witnesses to the accident, various individuals who witnessed the aftermath of the accidents testified that the positions of the vehicles, debris, and marks on the road indicated that the defendant had crossed the center line causing the accident. The trial court found for the plaintiffs, and the defendant appealed, contending that substantial evidence did not support the trial court's judgement.

Our Supreme Court held that when viewing the evidence in a light most favorable to the plaintiffs, there was sufficient evidence to sustain the trial court's judgment. In doing so, it stated that

11

"[w]here the circumstances proved show with reasonable certainty that the impact of two vehicles involved in an accident occurred while defendant was driving left of the center of the highway, the evidence is sufficient to go to the jury, or to the court in the absence of a jury, on the question of defendant's negligence." 191 Kan. at 648.

Turning our attention once again to whether Blackwell presented sufficient evidence that Gorrell's negligence was the proximate cause of her injuries, we note the question is a close one. In granting Gorrell's motion for summary judgment, the trial court ruled as follows: "The court finds the plaintiff has failed to show sufficient evidence the defendant breached a standard of care and failed to show such breach was the proximate cause of the collision between plaintiff's and defendant's vehicles." The court further ruled that "' [t]he mere skidding of a motor vehicle is not evidence of negligence when not due to the operator's carelessness and does not of itself constitute negligence or negligence per se. The operator is not liable for injuries resulting from skidding unless the skidding results from the operator's negligence.'" 60A C.J.S., Motor Vehicles § 692 (2016). The trial court then declared that "[t]his rule bars the plaintiff from submitting this case to a jury."

Nevertheless, as stated earlier, before a trial court may properly grant a motion for summary judgment, it must appear that the moving party is entitled to judgment as a matter of law, viewing the supporting material in the light most favorable to the nonmoving party.

Here, there is no dispute that Gorrell's car crossed the center line of the highway just before the collision occurred. In addition, the collision occurred because Gorrell was driving her car on the wrong side of the highway. Moreover, the probability of the harm to Blackwell was foreseeable based on Gorrell's operating her car on the wrong side of the road. Although Gorrell stated that the collision happened so fast that "there was not any time to do anything," a jury could believe that Gorrell was driving her car at a speed greater than reasonable under the conditions and hazards then existing. This would create

12

a fact issue for determination by a jury. Although there is a possibility that the previously mentioned facts, describing Gorrell's actions just before the collision occurred, were not the proximate cause of Blackwell's injuries, the inference drawn from those facts must be made by a jury, not by the trial court on summary judgment, where all evidence must be interpreted in the light most favorable to the nonmovant. As a result, we determine that the trial court erred in granting Gorrell's motion for summary judgment, and we reverse and remand for trial.

Reversed and remanded.